## Town of Longview *v.* City of Crawfordsville.

[No. 20,274.   Filed January 13, 1905.]

| | |
|---|---|
| 164 | 117 |
| d168 | 274 |
| 168 | 674 |
| 164 | 117 |
| 169 | 350 |
| 170 | 193 |
| f170 | 419 |

1. **Constitutional Law.**—*Special Laws.*—*Legislative Question.*—Whether a general law can be made applicable in cases not enumerated in §22 of article 4 of the Indiana Constitution is a legislative question. p. 119.

2. **Same.**—*Corporations.*—*Special Act.*—Section 13 of article 11 of the Indiana Constitution, providing that "Corporations, other than banking, shall not be created by special act, but may be formed under general laws," applies to municipal as well as private corporations. p. 120.

3. CONSTITUTIONAL LAW.—*Regulation of Existing Corporations.*— *Special Act.*—Section 13 of article 11 of the Indiana Constitution does not prohibit the enactment of special laws which do not attempt to "create" new corporate powers or franchises, but which merely regulate those already conferred, and such special laws are constitutional unless they concern a subject enumerated in §22 of article 4 of such Constitution. p. 120.

4. MUNICIPAL CORPORATIONS.—*Annexation of Contiguous Municipalities.*—Prior to the act of 1903 (Acts 1903, p. 201) there was no statute authorizing a city to annex a contiguous town without such town's consent. p. 121.

5. CONSTITUTIONAL LAW.—*Cities.*—*Classification.*—Where classification of cities for the purpose of enacting laws to govern same is permitted by the Constitution, such classification must be one which in the nature of things suggests and furnishes reasons therefor and justifies the making thereof. Such classification must not be unnatural, artificial, arbitrary or founded upon isolation alone. p. 121.

6. SAME.—*Cities.*—*Special Act.*—An act providing that cities having a population of between 6,000 and 7,000, and not operating under a special charter, may annex territory including towns within such territory and consolidate such towns with such cities is arbitrary and special. p. 124.

7. SAME.—*Cities.*—*Incorporation Prior to Constitution.*—*Special Act.* —The legislature has the power under clause four of the schedule of the Indiana Constitution to amend or modify the special act of incorporation of any city in existence at the time of the adoption of such Constitution by a special act, but such clause can not apply to cities incorporated under general laws passed since such adoption. *Wiley* v. *Corporation of Bluffton,* 111 Ind. 152, and *City of Indianapolis* v. *Navin,* 151 Ind. 154, distinguished. p. 125.

8. SAME.—*Corporation.*—"*Creation.*"—*Special Act.*—The annexation and consolidation of a town with a city is the "creation" of a corporation, and when done by virtue of a special act is in violation of §13 of article 11 of the Indiana Constitution. p. 126.

From Montgomery Circuit Court; *Jere West,* Judge.

Action by the Town of Longview against the City of Crawfordsville for an injunction. From a decree for defendant, plaintiff appeals. *Reversed.*

*E. C. Snyder* and *S. C. Kennedy,* for appellant.
*Finley P. Mount,* for appellee.

MONKS, J.—The General Assembly of 1903 passed an act entitled "An act to provide for the extension of the

corporation boundaries of cities not operating under a special charter and having a population, according to the last preceding United States census, of between six thousand and seven thousand and for the annexation of territory by such cities, and for the consolidation of such cities and incorporated towns lying within territory annexed to such city, and providing for remonstrance and appeal." Acts 1903, p. 201. Under the provisions of said act, appellee, the city of Crawfordsville, adopted an ordinance annexing to said city all the territory within the corporate limits of the town of Longview. It is provided in section three of said act, that "No such annexation shall be made under the foregoing sections of a part of the territory of any incorporated town, but only of the whole incorporated territory thereof; and in case of such annexation the two corporations shall be deemed to be consolidated under the name of the city annexing, and the consolidated corporation shall be bound for all the debts and liabilities and shall be the owner of all the corporate property, franchises and rights of every nature of both such municipal corporations."

1. The question presented by the record is the constitutionality of said act of 1903, under which said ordinance was passed by appellee. It is insisted by appellant that said act is in conflict with the Constitution of this State, because it is a special law, and because it grants privileges and immunities to citizens and a "class of citizens" which, upon the same terms, do not equally belong to all citizens. Section 22 of article 4 of the state Constitution provides that the General Assembly shall not pass local or special laws in any of the following enumerated cases, naming seventeen subjects. Nothing is said in the section named in regard to laws for annexation of territory to a city or town, or for fixing the boundaries thereof, or for uniting or consolidating a city and town. It is provided in §23 of article 4 of the state Constitution: "In all the cases enumerated in the preceding section, and in all other cases when a gen-

eral law can be made applicable, all laws shall be general, and of uniform application throughout the State." It has been held, since *Gentile* v. *State* (1868), 29 Ind. 409, that whether in cases not enumerated in §22 of article 4 a general law can or can not be made applicable as required by said §23, is a question to be determined by the legislature, and not by the courts. *City of Indianapolis* v. *Navin* (1898), 151 Ind. 139, 155, 156, 41 L. R. A. 337, and cases cited.

Appellee insists that, even if said act is a special law, as the subject thereof is not enumerated in §22 of article 4, *supra,* the legislature, by passing the same, has determined that a general law can not be made applicable, and the judgment of the legislature can not be reviewed by the courts.

2. There is, however, another section of the state Constitution prohibiting the enactment of special laws, which must be considered in determining the question before us. Section 13 of article 11 of the state Constitution provides: "Corporations, other than banking, shall not be created by special act, but may be formed under general laws." This section relates to municipal as well as private corporations. *Wiley* v. *Corporation of Bluffton* (1887), 111 Ind. 152, 155; *Corporation of Bluffton* v. *Studabaker* (1885), 106 Ind. 129, 131.

3. It has been held by this court that said §13 of article 11 does not prohibit the enactment of special laws which do not attempt to create new corporate powers or franchises, but which merely regulate existing corporations in the exercise of powers already conferred upon them; that such special acts are not unconstitutional, unless on a subject enumerated in §22 of article 4, *supra.* · *City of Indianapolis* v. *Navin, supra; In re Application of the Bank of Commerce* (1899), 153 Ind. 460, 463-465, 47 L. R. A. 489. See, also, *Wallace* v. *Loomis* (1877), 97 U. S. 146, 154, 24 L. Ed. 895;

1 Thompson, Corporations, §585; 10 Cyc. Law and Proc., 177, 178.

4. Since 1857 there has been in force a general law for the annexation of towns to cities which adjoin each other, and the consolidation thereof. Acts 1857, p. 22, §4208 Burns 1901, §3233 R. S. 1881. But that law (§4209 Burns 1901, §3234 R. S. 1881) provides that "The common council of the city and the president and trustees of the town shall first agree on the terms and conditions upon which such union, consolidation, or annexation shall take place, and also upon a day when an election shall be held for the people of such town and city to vote upon the question of union, consolidation, or annexation, upon the terms specified in such agreement," and that the same could not take effect unless a majority of the qualified voters of the town and a majority of the qualified voters of the city shall vote in favor thereof at the election to be held for that purpose. The only power said act of 1857 gave cities and towns was to agree with each other to such annexation, union or consolidation, in the manner set forth in said act. Neither alone had the power of annexation, union or consolidation. It is clear that said act of 1903 (Acts 1903, p. 201) was not a mere regulation of the exercise of a power already possessed by cities of the population named therein, but that the same attempted to confer upon cities of a population of more than six thousand and less than seven thousand the power to annex incorporated towns, and consolidate the same with such city by ordinance, when they adjoin such city. Before the taking effect of said act, cities in this State had no such power.

5. It is contended that, as said act applies to all cities having between six thousand and seven thousand population according to the last preceding census, such classification takes it out of the category of special legislation and makes it a general law. In jurisdictions where classification is per-

mitted by the organic law, it is settled that the same, in order to furnish a basis for legislation that will exempt it from the charge of being special, must be a classification which, in the nature of things, suggests and furnishes a reason for and justifies the making of the class. The reason for the classification must inhere in the subject-matter, and the same must be natural, not artificial. Under this rule, neither mere isolation nor arbitrary selection is proper classification. *In re Application of the Bank of Commerce, supra; State, ex rel., v. Parsons* (1878), 40 N. J. L. 1; *State, ex rel., v. Hammer* (1880), 42 N. J. L. 435; *State, ex rel., v. Hoagland* (1888), 51 N. J. L. 62, 16 Atl. 166; *Wanser v. Hoos* (1897), 60 N. J. L. 482, 38 Atl. 449, 64 Am. St. 600, and cases cited; *Anderson v. Trenton* (1880), 42 N. J. L. 486, 488; *Inhabitants, etc., v. State* (1889), 51 N. J. L. 402, 18 Atl. 749, 6 L. R. A. 56; *Pratt v. Browne* (1902), 135 Cal. 649, 652, 67 Pac. 1082, and cases cited; *Rauer v. Williams* (1897), 118 Cal. 401, 50 Pac. 691; *Sutton v. State* (1896), 96 Tenn. 696, 710, 36 S. W. 697; *Angell v. Cass County* (1902), 11 N. Dak. 265, 268, 91 N. W. 72; *L'Hote v. Village of Milford* (1904), 212 Ill. 418, 72 N. E. 399; *People, ex rel., v. Martin* (1899), 178 Ill. 611, 53 N. E. 309; *Bessette v. People* (1901), 193 Ill. 334, 62 N. E. 215, 56 L. R. A. 558; *State, ex rel., v. Jones* (1902), 66 Ohio St. 453, 482, 64 N. E. 424, 90 Am. St. 592; *State, ex rel., v. Beacom* (1902), 66 Ohio St. 491, 506, 64 N. E. 427, 90 Am. St. 599; *Appeal of City of Scranton* (1886), 113 Pa. St. 176, 190, 6 Atl. 158; *Ruan Street* (1890), 132 Pa. St. 257, 19 Atl. 219, 7 L. R. A. 193; *Gulf, etc., R. Co. v. Ellis* (1897), 165 U. S. 150, 17 Sup. Ct. 255, 41 L. Ed. 666; 20 Am. and Eng. Ency. Law (2d ed.), pp. 1228, 1229.

In *State v. Pugh* (1885), 43 Ohio St. 98, 1 N. E. 439, the court said: "It is not the form a statute is made to assume, but its operation and effect which determine its constitutionality." In *Lodi Tp. v. State* (1889), 51 N. J. L. 402, 18

Atl. 749, 6 L. R. A. 56, the following language was used: "The rule is, that in any classification for the purpose of a general law, all must be included and made subject to it and none omitted that stand upon the same footing regarding the subject of legislation."

In *State, ex rel.,* v. *Parsons, supra,* special laws are thus described: "Interdicted local and special laws are all those that rest on a false or deficient classification; their vice is that they do not embrace all the class to which they are naturally related; they create preferences and establish inequalities; they apply to persons, things or places possessed of certain qualities or situations, and exclude from their effect other persons, things or places which are not dissimilar in these respects."

The rule and reasons therefor are forcibly stated in *State, ex rel.,* v. *Hammer, supra,* at page 440: "Plainly, a law may be general in its provisions, and may apply to the whole of a group of objects having characteristics sufficiently marked and important to make them a class by themselves, and yet such law may be in contravention of this constitutional prohibition. Thus, a law enacting that in every city in the state in which there are ten churches, there should be three commissioners of the water department, with certain prescribed duties, would present a specimen of such a law, for it would sufficiently designate a class of cities, and would embrace the whole of such class, and yet it does not seem to me that it could be sustained by the courts. If it could be so sanctioned, then the constitutional restriction would be of no avail, as there are few objects that can not be arbitrarily associated, if all that is requisite for the purpose of legislation is to designate them by some quality, no matter what that may be, which will so distinguish them as to mark them as a distinct class. But the true principle requires something more than a mere designation by such characteristics as will serve to classify, for the characteristics which thus serve as the basis of classification must be

of such a nature as to mark the objects so designated as peculiarly requiring exclusive legislation. There must be substantial distinction, having a reference to the subject-matter of the proposed legislation, between the objects or places embraced in such legislation and the objects or places excluded. The marks of distinction on which the classification is founded must be such, in the nature of things, as will, in some reasonable degree, at least, account for or justify the restriction of the legislation. Principles of this sort can be best elucidated by examples. I have already given a sample of a merely arbitrary classification, founded on no causal relation between the subject-matter of such legislation and the things so classified. A sample of the other, or legitimate kind, would be signified, in a law that should give to all cities in the state situated on tide-water the privilege of using such waters in connection with their sewers. In such an enactment, but a part of the cities of the state would be embraced, but the classification would be lawful and proper, inasmuch as the places embraced would be possessed of a characteristic distinct from those possessed by the excluded places, such characteristic being of such a nature as to afford a reasonable ground for such special legislation. In the two classes of instances thus exemplified, the basis of the classification of the one would be by reference to marks of distinction having no connection with the substance of the supposed statute; in the other, the opposite of this would obtain—so that, in the former, the classification would be formal and arbitrary; in the latter, substantial and springing out of the nature of the subject of this legislation."

6. Applying these tests, it is evident that the classification in said act is merely arbitrary, and can not relieve the same from the infirmity of being special and local. There is no reason inhering in the subject-matter of the act for giving the power mentioned therein to cities of a population of between six thousand and seven thousand according to the

last preceding United States census, and not giving the same to the other cities in the State.

Said act being a special law, the question is presented whether or not the annexation and consolidation of said town and city under its provisions is the creation or formation of a corporation within the meaning of said §13 of article 11 of the Constitution of this State.

7. Counsel for appellee, to sustain his contention that said act of 1903, even if special, is not in violation of said section of the Constitution, cites *Wiley* v. *Corporation of Bluffton* (1887), 111 Ind. 152; *City of Indianapolis* v. *Navin* (1898), 151 Ind. 139, 154, 41 L. R. A. 337. In *Wiley* v. *Corporation of Bluffton, supra,* it was held that where prior to the taking effect of the state Constitution now in force, a municipal corporation was created and organized under a special act, and such act was continued in force by the Constitution of 1851, the General Assembly has the power, by special act, under the fourth clause of the schedule annexed to said Constitution, to amend the special act of incorporation so as to enlarge the jurisdiction of the municipality, territorially or otherwise. The fourth clause of said schedule provides that "all acts of incorporation for municipal purposes shall continue in force under this Constitution until such time as the General Assembly shall, in its discretion, modify or repeal the same." And such holding was upon the ground that said fourth clause expressly authorized the amendment of such special acts by a special act. As appellant and appellee were incorporated under general laws passed since the taking effect of our present Constitution, said fourth clause has, and the decisions of this court thereunder have, no application here.

The question involved in *City of Indianapolis* v. *Navin, supra,* was the constitutionality of the act of March 6, 1897 (Acts 1897, p. 201), regulating the fares of street railway companies that had been or might be organized under the act of 1861 (Acts 1861, p. 75, §5450 *et seq.* Burns 1894,

§4143 *et seq.* R. S. 1881). Such railroad companies organized under said act possessed the power, under section nine (§5458 Burns 1894, §4151 R. S. 1881), to regulate the fare for travel upon such roads, and the act of 1897 provided that the same should not exceed three cents for any one trip or passage, and provided for transfers. It was held in *City of Indianapolis* v. *Navin, supra,* at page 151, that said act merely regulated the exercise of a power already possessed by street railway companies in cities of the populations named therein, and did not create any new power or franchise, and was not in violation of said §13 of article 11 of the Constitution. The Navin case furnishes no support to said contention of appellee.

8. The annexation of a town to a city under said act is clearly a consolidation of the two municipal corporations. Tiedeman, Mun. Corp., §58.

In *Louisville, etc., R. Co.* v. *Boney* (1888), 117 Ind. 501, 505, 3 L. R. A. 435, the court said: "The rule which the authorities support seems to be, that where one corporation goes entirely out of existence by becoming incorporated into another, if no arrangements are made respecting the property and liabilities of the corporation that ceases to exist the corporation into which it is merged will succeed to all its property, and be answerable for all liabilities. * * * After the consolidation the liability of the new company is substituted for that of the original companies, which have, to all intents and purposes, ceased to exist. 2 Morawetz, Corporations, §955." See, also, 3 Cook, Corporations (5th ed.), pp. 2586-2589; *Jeffersonville, etc., R. Co.* v. *Hendricks* (1872), 41 Ind. 48, 60, 61; *Indianapolis, etc., R. Co.* v. *Jones* (1868), 29 Ind. 465, 95 Am. Dec. 654; *Demattos* v. *New Whatcom* (1892), 4 Wash. 127, 130.

It is said in 6 Am. and Eng. Ency. Law (2d ed.), p. 805: "A constitutional provision against the creation of corporations by special act undoubtedly includes consolidation."

The constitution of the state of Washington (article 2,

§28) prohibits the legislature from passing any special law "for incorporating any town or village or to amend the charter thereof," and provides (article 11, §10) that "corporations for municipal purposes shall not be created by special laws." The supreme court of that state held in *State, ex rel.,* v. *New Whatcom* (1891), 3 Wash. 7, 27 Pac. 1020, that the consolidation of municipal corporations must be under general laws.

In 1890 the legislature of Iowa passed a special law annexing certain territory to the city of Des Moines. In the territory so annexed were seven incorporated towns. Section 30 of article 3 of the constitution of Iowa provided: "The General Assembly shall not pass local or special laws in the following cases: * * * For the incorporation of cities." In *State, ex rel.,* v. *City of Des Moines* (1896), 96 Iowa 521, 65 N. W. 818, 59 Am. St. 381, 31 L. R. A. 186, the supreme court of that state held that said act was in violation of said provision of the constitution and void. The court said: "Our conclusion is that the act providing for annexation is against the express provision of the constitution prohibiting the passing of local or special laws for the incorporation of cities and is therefore void." Said provision of the constitution was construed in *Ex parte Pritz* (1858), 9 Iowa 30; *Von Phul* v. *Hammer* (1870), 29 Iowa 222; *Town of McGregor* v. *Baylies* (1865), 19 Iowa 43.

It is evident from what we have said, and the authorities cited, that the annexation and consolidation of a town with a city, under the provisions of said act of 1903, is the creation of a corporation within the meaning of §13 of article 11 of our state Constitution, and that, as said act is special, it is in violation of said §13, and therefore void.

Judgment reversed, with instructions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.