(98 South. 373)

STATE ex rel. BROOKS v. GULLATT et al.
(5 Div. 868.)

(Supreme Court of Alabama.   Dec. 13, 1923.)

1. Quo warranto ⚌35—Relator under quo warranto must join as plaintiff with the state.

Relator being an informant in quo warranto under the provisions of Code 1907, § 5459, properly joined individually as plaintiff with the state.

2. Statutes ⚌8½(1), 90(1)—Act providing for form of government of municipality where corporate limits have been changed held a local law and void for failure to advertise intention to enact.

Gen. Acts 1923, p. '99, providing for the form of government of the municipality where the corporate limits have been changed so as to include territory of another' municipality lying in a different county, is a local law; and, no logical relation existing between the classification employed and the purpose sought that would make the act a general law, the alleged classification being but a designation arbitrarily fixed, and the requirements of Const. 1901, § 106, requiring advertisement not having been complied with, the act is void.

3. Constitutional law ⚌48—Court must be convinced of unconstitutionality beyond a reasonable doubt before declaring act invalid.

The court must be convinced of the constitutional invalidity of an act beyond a reasonable doubt, before declaring it to be unconstitutional.

4. Statutes ⚌76(2)—Statute changing the boundaries of Phœnix City not in conflict with Constitution prohibiting special law if general law is applicable.

Local Acts 1923, p. 52, altering or rearranging the boundary of Phœnix City and absorbing the city of Girard, and to which Code 1907, § 1156 et seq., applies, is not in conflict with Const. 1901, § 105, prohibiting any special law in any case which is provided for by general law; the only provision relating to consolidation under general laws, Code 1907, §§ 1070–1074, 1126–1132, being that providing for consent of a majority of the qualified voters.

5. Constitutional law ⚌26—Legislature supreme unless restrained by Constitution.

The Legislature is supreme except when restrained by the Constitution.

6. Municipal corporations ⚌54—Possess only powers Legislature may confer.

Municipal corporations are mere instrumentalities of the state for the more convenient administration of local government, and their powers are such as the Legislature may confer, and which may be enlarged or withdrawn at its pleasure.

7. Statutes ⚌90(2)—Statute changing boundary of Phœnix City not in conflict with Constitution as to local laws.

Local Acts 1923, p. 52, changing the boundary of Phœnix City and absorbing the city of Girard, is not in conflict with Const. 1901, § 104, subdiv. 18, as amending or extending the charter of a municipal corporation, in view that this subdivision provides that the Legislature shall not be prohibited from changing the boundaries of any city, and if, by reason of such boundaries being enlarged, the powers of the municipality are somewhat enlarged, it is but incidental and not violative of this provision.

Appeal from Circuit Court, Lee County; S. L. Brewer, Judge. ·

Quo warranto proceedings by the State of Alabama, on· the relation of R. L. Brooks, and R. L. Brooks, individually, against C. B. Gullatt, I. I. Moses, C. M. Knowles, Ashby Floyd, and H. D. Cobb.   From a judgment for defendants, plaintiff appeals.   Reversed, rendered, and remanded.

Rushton, Crenshaw & Rushton, of Montgomery, and J. W. Kelley, of Seale, for appellant.

The relator properly joined himself individually as plaintiff.   Code 1907, § 5449; West End v. State, 138 Ala. 295, 36 South. 423; State v. Kitchens, 148 Ala. 390, 41 South. 871. Act No. 131 (Gen. Acts 1923, p. 99) is a local law, and is invalid.   Where classification, either by population or otherwise, is merely arbitrary, and chosen for the purpose of evading the constitutional requirements, it is local legislation, and unless written notice is given, and proof thereof appears on the Journals, it is void.   State ex rel. v. Thompson, 142 Ala. 98, 38 South. 679; Griffin v. Drennen, 145 Ala. 128, 40 South. 1016; State ex rel. v. Weakley, 153 Ala. 648, 45 South. 175; State ex rel. v. Joseph, 175 Ala. 579, 57 South. 942, Ann. Cas. 1914D, 248; State ex rel. v. Thompson, 193 Ala. 561, 69 South. 461; Board of Rev. v. Huey, 195 Ala. 83, 70 .South. 744; Board of Rev. v. Hewitt, 206 Ala. 405, 90 South. 781;

---

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Cobbs v. Home Ins. Co., 18 Ala. App. 206, 91 South. 627; Reynolds v. Collier, 204 Ala. 38, 85 South. 465; Anderson v. State, 206 Ala. 301, 89 South. 452; State v. Williams, 207 Ala. 517, 93 South. 381; 19 R. C. L. 742; 30 Cyc. 1006; Longview v. Crawfordsville, 164 Ind. 117, 73 N. E. 78, 68 L. R. A. 622. Act No. 130 (Local Acts 1923, p. 52) undertakes to enact by a local law upon a subject provided for by general law, and is void. Const. 1901, § 105; Const. 1901, § 104 (18); Code 1907, §§ 1070–1074, 1126–1132.

B. De G. Waddell and H. A. Ferrell, both of Seale, Denson & Denson, of Opelika, and W. J. Bird, of Phœnix, for appellees.

Act No. 130 (Local Acts 1923, p. 52) does not violate section 104 or 105 of the Constitution. Ensley v. Simpson, 166 Ala. 366, 52 South. 61. Act No. 131 (Gen. Acts 1923, p. 99) is broad enough to reach every portion of the state, although there may be but one town failing presently within its limitations. State ex rel. v. Cincinnati, 52 Ohio St. 419, 40 N. E. 508, 27 L. R. A. 737; Bronson v. Oberlin, 41 Ohio St. 476, 52 Am. Rep. 90; Costello v. Wyoming, 49 Ohio St. 202, 30 N. E. 613; Van Riper v. Parsons, 40 N. J. Law, 123, 29 Am. Rep. 210; Griffin v. Drennen, 145 Ala. 128, 40 South. 1016; State v. Thompson, 193 Ala. 561, 69 South. 461; West Chicago v. McMullen, 134 Ill. 170, 25 N. E. 676, 10 L. R. A. 215; 19 R. C. L. 742; Greewood v. Trigg, 143 Ala. 617, 39 South. 361; Lindsay's Case, 120 Ala. 156, 24 South. 171, 42 L. R. A. 783.

GARDNER, J. Quo warranto proceedings by the state, on the information of R. L. Brooks, who also joined himself as plaintiff with the state against C. B. Gullatt and others. The demurrers filed by the respondents to the complaint having been sustained by the court, plaintiff declined to plead further, and judgment was rendered accordingly for the defendants, from which judgment the plaintiff has prosecuted this appeal.

[1] The first assignment of demurrer raises the question that R. L. Brooks, individually, is improperly joined as party plaintiff. This point is without merit. Section 5459, Code 1907; West End v. State, 138 Ala. 295, 36 South. 423; State v. Kitchens, 148 Ala. 390, 41 South. 871.

[2] The complaint charges the respondents with holding office under and by virtue of the Act of August 9, 1923, the caption of which is as follows:

"To provide the form of the government of a municipality where the corporate limits of a municipality are altered or rearranged so as to include territory of another municipality lying in a different county; to provide for the appointment of officers and to fix their terms of office."

This act is designated No. 131 [Gen. Acts 1923, p. 99]. The constitutionality of this act is assailed upon numerous grounds, the most important of which is that it is a local law under the definition of section 110 of the Constitution of 1901, and repugnant to section 106 of the Constitution for the reason that no notice was given by publication of the intention to apply for the enactment thereof.

The demurrer proceeds upon the theory that said act is not unconstitutional but valid, and that the complaint shows upon its face that the respondents hold office under legal authority. The constitutionality and validity of this act, therefore, is the primary question here presented for consideration.

On the same day of the approval of the above cited act, No. 131, there was approved another act, No. 130, the title of which is as follows:

"To alter or rearrange the boundary lines of the city of Phœnix City, Alabama, so as to include within the corporate limits of said municipality the territory now included within the town of Girard, Alabama, a municipal corporation, and also to include other territory not included within the corporate limits of either Phœnix City or Girard, Alabama." Local Act 1923, p. 52.

The body of this act rearranges the boundaries of the city of Phœnix City in Lee county, Ala., so as to include the territory embraced within the city of Girard, Russell county, Ala., and also some additional territory not within the corporate limits of either municipality; and provides that the territory therein described shall thereafter constitute a part of the city of Phœnix City, Ala. This latter act was a local law, and that the requirements of section 106 of the Constitution were fully met is not questioned.

Section 1 of the act numbered 131 is as follows:

"Where the corporate limits of a municipality are altered or rearranged so as to include territory embraced in another municipality which latter municipality lies within a different county from the municipality whose corporate limits are altered or rearranged, that such municipalities shall be governed by a commission form of government consisting of five city commissioners who shall be appointed by the Governor immediately upon the altering or rearranging of the corporate limits. Two of said commissioners shall hold office for a term of two years and until their successors are elected and qualified. Three of said commissioners shall hold office for a term of four years and until their successors are elected and qualified. That the term of the commissioners elected to said office shall be for a period of two years."

If this act is a local law, it must fall, as, confessedly, section 106 of the Constitution, requiring advertisement, was not complied with. The determining question, therefore, is whether or not this act was a general or local one.

This court has recognized certain characters of classification proper for legislative

purposes, particularly such as based upon substantial difference of population as a reasonable basis, and giving rise to some reasonable necessity for a difference in legislation concerning several classifications. In this respect much has been left to legislative discretion. This court has, however, given distinct warning that indiscriminate classification as a mere pretext for the enactment of laws essentially local or special cannot be allowed.

In Board of Revenue v. Huey, 195 Ala. 83, 70 South. 744, this court said:

"There is no reason forbidding a single classification, for legislative purposes, made by the coalescing effects of two elements or factors, reasonably related and associated and capable of making a single distinction, or of defining a discrimination, between types of a more general aggregation of persons or things. There is nothing objectionable in a segregation—for the legislative purpose of enacting a general law—of those subjects of legislation which have a common characteristic or common characteristics when measured or defined by related elements that combine to mark a distinction, or to discriminate them. If * * * an element going to mark the distinction or discrimination sought to be established is without reasonable relation to the thing to be affected and the purpose to be accomplished by the legislation, guised as a general law, the legislative effort must fall because the means of attempted classification are inapt and inappropriate, and hence is arbitrary."

In the recent case of Reynolds v. Collier, 204 Ala. 38, 85 South. 465, we had for consideration the constitutionality of an act fixing the salary of the judge of the county court at $900 per year in all counties having a population not less than 23,150 and not more than 23,250, which act the court judicially knew applied only to Chilton county, and materially increased the salary of the county judge of that county. Many of our cases dealing with this question were there cited, and a review of these authorities would serve no useful purpose.

A result of a careful analysis of the decisions of this court bearing upon the question here under consideration was expressed in the following language:

"The effect of all of our decisions, in short, has been that where there is a substantial difference in population, and the classification is made in good faith, reasonably related to the purpose to be effected and to the difference in population which forms the basis thereof, and not merely arbitrary, it is a general law, although at the time it may be applicable to only one political subdivision of the state; but that if the classification bears no reasonable relation to the difference in population, upon which it rests, in view of the purpose to be effected by such legislation, and clearly shows it was merely fixed arbitrarily, guised as a general law, and, in fact, is a local law, it is then in plain violation of the Constitution and cannot be upheld."

This rule requires something more than a mere designation by such characteristics as will serve to classify, and under it neither mere isolation nor arbitrary selection is proper classification. As said by the Indiana court in Longview v. Crawfordsville, 164 Ind. 117, 73 N. E. 78, 68 L. R. A. 622, 3 Ann. Cas. 496:

"The marks of distinction on which the classification is founded must be such, in the nature of things, as will, in some reasonable degree, at least, account for or justify the restriction of legislation."

It but remains to apply the rule to the act under consideration. This act provides for a form of government of the municipality where the corporate limits have been altered or rearranged so as to include territory of another municipality which lies in a different county. There are in fact three distinct factors entering into this classification: First, the corporate limits of the municipality must have been altered or rearranged; second, such rearrangement shall include the territory of another municipality; and, third, such other municipality must be lying in a different county. The act, No. 130, approved on the same day as No. 131, fully meets each of these conditions. That act altered and rearranged the boundaries of Phœnix City, Ala., so as to include the city of Girard, which other municipality was situated in a different county; Phœnix City being in Lee county, and Girard, contiguous thereto, located in Russell county.

There are general laws providing for the merger and consolidation of contiguous cities, and also laws providing for extending the boundaries of cities, and it is suggested in brief of counsel for appellee that the law here in question not only applies to Phœnix City, but could also have application to the cities of Florence and Sheffield, as well, also, to the town of Waverly; but the act does not apply to municipalities which might be formed by consolidation or merger, but only in the event the corporate limits have been altered or rearranged so as to include territory of another municipality lying in a different county. To bring these other cities within the influence of the act, special legislation would be necessary. The act was intended to apply, and does apply, to Phœnix City alone.

We are unable to see any logical relation between the classification here employed and the purpose to be attained. The fact that a city is in more than one county certainly gives no room for a difference in governmental affairs. Under the act in question the number of commissioners is fixed at five, while under the commission form of government in cities of like population the number of commissioners is three; and, also, the term of office is longer extended than under the commission form of government, as pro-

vided in the general law. The classification here employed is not in fact classification, but designation pure and simple, arbitrarily fixed, coming nearly within the influence of the case of Reynolds v. Collier, supra.

[3] We recognize our duty not to construe a law as local when to do so would strike it down, when it is so worded and framed as to be reasonably susceptible of interpretation as a general law. We fully recognize that it is a solemn thing to strike down a statute, and that to do so we must be convinced of its constitutional invalidity beyond a reasonable doubt; but, as said by another:

"When the question is, whether we shall maintain a statute or the Constitution, which is a paramount law, and which we are constrained by our oath of office to support and defend, we cannot hesitate. We must maintain consciences void of offense, whatever we do or omit to do."

We are persuaded that under the guise of classification this is purely a local law, and that the requirements of section 106 of the Constitution not having been met, it is void and must be stricken.

The act altering and rearranging the boundaries of Phœnix City is only incidentally here involved, as the conclusion which we have reached concerning Act No. 131 is decisive of this case adversely to the respondents who hold their office by virtue of said act. However, we are persuaded the public interest requires an expression of our view concerning the validity of the act numbered 130, by which Phœnix City absorbs the city of Girard. In view, therefore, of the public interest we will briefly consider this act.

[4] It is first insisted that the Legislature is without authority to pass a local law extending the boundaries of one municipality so as to include those of another contiguous thereto and, also, other adjoining property located in neither municipality, for the reason that the question of the extension of boundaries of a city and the consolidation or merger of two contiguous cities is provided for by the general law, and therefore such local acts contravene section 105 of the Constitution, which provides that—

"No special, private or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by general law, or when the relief sought can be given by any court of this state."

We are of the opinion the case of City of Ensley v. Simpson, 166 Ala. 366, 52 South. 61 fully answers this contention in favor of the validity of this act, wherein the constitutionality of what is known as the "Greater Birmingham Act" (Loc. Laws 1909, Sp. Sess., p. 392) was upheld. The opinion recognized that under the general law the same result might have been obtained, but by tedious and embarrassing process; the result being dependent upon the vote of the electors resident in the municipality or unincorporated territory annexed from time to time; the court saying:

"But the Legislature had the right to weigh the advantages of the scheme as a whole and enact law accordingly to accomplish the desired end at one stroke. Under no general law could the same considerations be submitted to the same electorate or the same result reached in the same way."

A somewhat similar question was presented to the Indiana court in Longview v. Crawfordsville, supra, where the court had under review an act authorizing cities of a certain class to annex incorporated towns and consolidate the same with such cities by ordinance when adjoining. The general law of that state provided for consolidation or annexation only after an election wherein a majority of the qualified voters were favorable thereto. It was held that the provisions of the act under consideration were not covered by the general law.

Such was in effect the holding of this court in the Ensley Case, supra. The general laws providing for consolidation and merger rest upon a consent of a majority of the qualified voters. Sections 1070–1074, Code 1907; sections 1126–1132, Code 1907.

[5, 6] The Legislature is supreme except when restrained by the Constitution. The consolidation or annexation, as previously noted, provided for by the general law, is dependent upon the will of a majority of the voters; but we find nothing in the Constitution which prohibits the Legislature, in the exercise of its sovereign power, from consolidating two contiguous cities or annexing territory contiguous to any city, if in the exercise of its judgment and discretion the best interest of the state or the community will be subserved thereby, and this without regard to the will of the majority.

"Municipal corporations are mere instrumentalities of the state for the more convenient administration of local government. Their powers are such as the Legislature may confer, and these may be enlarged, abridged or entirely withdrawn at its pleasure." Meriwether v. Garrett, 102 U. S. 472, 26 L. Ed. 197.

"It is not a valid objection to the statute, or to annexation under it, that a municipal corporation may be so annexed without the consent to its constituted authorities, or of its inhabitants." State ex rel. Richards v. Cincinnati, 52 Ohio St. 419, 40 N. E. 508, 27 L. R. A. 737.

The Act No. 130 is therefore not provided for by the general law of the state. It does not present a question of mere difference in minor details, but it differs both in substance and in form. Speaking to this question, this court, in Brandon v. Askew, 172 Ala. 160, 54 South. 605, said:

"But if the local bill purposes something different from the provisions of the general law, and not within the catalogue of section 104, and in a case where the relief may not be had in some proceeding outside of the Legislature, how has it been provided for, and where is the inhibition to enact the local law? It seems, then, that this provision of the Constitution was intended to prohibit the enactment of special, private, or local laws to meet the purposes of particular cases which may be accomplished by proceedings outside of the Legislature under the provisions of general statutes enacted to meet all cases of that general character."

The conclusion which we have reached in this regard finds full support in the cases of Dunn v. Dean, 196 Ala. 486, 71 South. 709, and State v. Prince, 199 Ala. 444, 74 South. 939. In the latter case, by way of illustration, the court said:

"The mere fact that the things to be done by each board, or all the members thereof, are the same, does not make the laws which authorize the doing of the same things by different boards or different officers the same laws; they are different laws though they relate to the same subjects or subject-matters. This is well illustrated by many local laws, relating to boards of revenue or courts of county commissioners, repeatedly upheld by this court, notwithstanding there are general laws—an entire chapter of the Code—relating to this subject. See report of case of Dunn v. Dean, 196 Ala. 486, 71 South. 709, where many cases of this kind are cited and reviewed to the effect that such laws are not void under section 105 of the Constitution. Again, the mere fact that there are general laws relating to circuit and chancery courts does not prevent the Legislature from providing, by local laws, for other courts to do the same work and discharge the same functions and powers as by such general provisions authorized. The general laws and the local laws in this respect are different, and not the same."

These cases were cited with approval by this court in the more recent case of Board of Revenue v. Kayser, 205 Ala. 289, 88 South. 19, where the writer of the opinion took occasion to quote some of the debate upon the question here under consideration in the constitutional convention. These cases were further confirmed in Jackson v. Sherrod, 207 Ala. 245, 92 South. 481.

[7] In addition to this, the court in the Ensley Case, supra, gave expression to the view then entertained that subdivision 18 of section 104 of the Constitution permitted legislation by local laws concerning the alteration or rearrangement of cities, towns, or villages without regard to the general law upon the subject; and this expression has been accepted by the lawmaking body in good faith, and several of such enactments have followed.

We therefore conclude that the Act No. 130, altering or rearranging the boundary lines of Phœnix City, did not contravene either the provisions of section 104 or 105 of the Constitution.

It is further insisted that the act is void as contravening subdivision 18 of section 104 of the Constitution, in that it amends or extends the charter of municipal corporations, but this same subdivision expressly provides that the Legislature shall not be prohibited from altering or rearranging the boundaries of the city; and if by reason of such boundary rearrangement the powers of the municipality are somewhat enlarged, it is but incidental and not violative of this subdivision. Indeed, it was expressly so held in the Ensley Case, supra, as disclosed by the following language:

"Nor is an alteration or rearrangement of the boundaries an amendment of the charter of a municipality. The Constitution clearly recognizes this fact by excepting an act altering or rearranging boundaries from the prohibition against local laws amending charters."

Our conclusion, therefore, is that Act No. 130, altering or rearranging the boundaries of Phœnix City, is not subject to the constitutional objections here interposed. By this act the city of Girard was absorbed by Phœnix City, and therefore disincorporated. Sections 1156 et seq. of the Code of 1907 contain provisions consequent upon the absorption of one municipality by another, which provisions seem to be in keeping with the general rule of law prevailing, in the absence of statutory provision. Longview v. Crawfordsville, supra.

We summarize the result of our labors as follows: The Act No. 131 [Gen. Acts, 1923, p. 99] providing for the form of government, is void, in that it is a local act, and no compliance with section 106 of the Constitution appears. The respondents therefore hold their office without authority, and the demurrer to the petition should have been overruled rather than sustained.

The Act No. 130 [Local Acts 1923, p. 52] altering or rearranging the boundary of Phœnix City is a valid act, absorbing the city of Girard, and to which sections 1156 et seq. of the Code of 1907 apply, and the governmental affairs of Phœnix City revert to the original officers of said city.

The judgment sustaining the demurrer and dismissing the complaint will be reversed; one will be here rendered overruling the demurrer, and the cause will be remanded to the court below for further proceedings to a final judgment in accordance with this opinion.

Reversed, rendered, and remanded.

All the Justices concur.