141 So. 709

## WAGES v. STATE.

### 6 Div. 252.

Court of Appeals of Alabama.

March 29, 1932.

Rehearing Denied April 12, 1932.

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellant.

Thos. E. Knight, Jr., Atty. Gen., James L. Screws, Asst. Atty. Gen., and Horace C. Wilkinson and John C. Morrow, both of Birmingham, for the State.

RICE, J.

Appellant was convicted of the offense of violating the terms of the act of the Legislature of Alabama appearing in General Acts of Alabama 1931 from pages 615 to 620, entitled "An Act to define, regulate and license barbers and barber colleges, and other like business in counties of the State of Alabama having a population of three hundred thousand or over, according to the last or any subsequent Federal Census; to create a barbers' commission for said counties; and to provide a penalty for the violation of the provisions hereof."

His arrest, trial, and conviction are in all respects regular—provided the act referred to was constitutionally enacted.

It is agreed that said act was not "published, etc.," as required by section 106 of the Constitution of 1901, but was passed as a "general law," as defined by section 110 of the said Constitution.

Observing that the act in question applied only to counties "having a population of three hundred thousand or over," and "consulting the federal census of 1930," it was clear to us that same "at this time applies only to Jefferson County." Reynolds, etc., et al. v. Collier, 204 Ala. 38, 85 So. 465, 467. Consulting, further, this same federal census of 1930, it is (or was) apparent that, even granting that the ratio of increase in population of that county in the state having the greatest number of inhabitants next after Jefferson (to wit, Mobile county), maintained between 1920 and 1930 (and, surely, it is obvious to all, there has been no reason, since 1930, to anticipate such), should be kept up, it would be some seventeen or eighteen years before the act in question would apply to *that* county (the *other*, or *any other*, counties of the state being still more, and *much* more, remotely concerned) we thought, in keeping, as we conceived, with the rule announced in the opinion in the case of Reynolds, etc., et al. v. Collier, supra, that the act under which appellant was prosecuted was a "local law," and hence the provisions of section 106, Constitution, supra, not being complied with in its enactment, invalid.

The rule we refer to, taken from the opinion in Reynolds, etc., et al. v. Collier, supra, is as follows: "The effect of all of our decisions, in short, has been that where there is a substantial difference in population, and the classification is made in good faith, reasonably related to the purpose to be effected and to the difference in population which forms the basis thereof, and not merely arbitrary, it is a general law, although at the time it may be applicable to only one political subdivision of the state; *but that if the classification bears no reasonable relation to the difference in population, upon which it rests, in view of the purpose to be effected by such legislation, and clearly shows it was merely fixed arbitrarily, guised as a general law, and, in fact, is a local law, it is then in plain violation of the Constitution and cannot be upheld.*" (Italics ours.)

Of course, when we read the majority opinion of the Supreme Court in the case of State v. Clements et al., 220 Ala. 515, 126 So. 162, we were, naturally, uncertain as to just how the rule we have quoted, above, would be applied in this case. But the said *rule* still stood, so far as we could find; and, under it,

86

we were constrained to refer the question of the constitutionality vel non of the act here in question to the Supreme Court. This we did, as shown by the two papers following, to wit:

"To the Honorable Supreme Court of Alabama:

"Under the provisions of section 7322 of the 1923 Code of Alabama, we hereby submit to the Supreme Court of Alabama for determination, the question of the validity, vel non, of act of the Legislature of Alabama appearing in General Acts of Alabama 1931 from pages 615 to 620, entitled 'An Act to define, regulate and license barbers and barber colleges, and other like businesses in counties of the State of Alabama having a population of three hundred thousand or over, according to the last or any subsequent Federal Census; to create a barbers' Commission for said counties; and to provide a penalty for the violation of the provisions hereof.'

"Said act referred to is endorsed in the duly published volume of the Acts of 1931 as that it 'Became a Law July 24, 1931, under Section 125 of the Constitution.'

"In a proceeding now pending before this court wherein one L. L. Wages is the appellant and the state of Alabama is the appellee, the above mentioned and described act of the Legislature is attacked as being in violation of the Constitution of Alabama.

"It appears that no notice of 'intention to apply' for the passage of the act referred to was given, in accordance with section 106 of the Constitution of 1901.

"We are of the opinion that the act is a local one, in the sense meant by section 110 of the said Constitution, and, no notice, etc., having been given, as above (Const. § 106) is therefore void.

"We are further of the opinion that the subject of the Act, as passed, is not 'clearly expressed in its title'—this, in violation of section 45 of the Constitution of 1901, this because the title would restrict the operation of the act to certain designated Counties (we think to only *one* County), while the 'body' of the act would make it applicable to all the Counties of the state.

"Being without authority to 'strike down' a statute, and believing the above mentioned and described act void, for the reasons noted —perhaps others—we are, as above stated, submitting the question of its constitutionality, vel non, to you.
"With great respect,
"C. R. Bricken,
"Presiding Judge of the Court of Appeals of Ala.
"Wm. H. Samford,
"Associate Judge, etc."
"James Rice,
"Associate Judge, etc.

"Response to Certified Question by the "Court of Appeals of Alabama.
"To the Honorable Court of Appeals of Alabama:

"KNIGHT, J.

"In reply to your inquiry as to whether or not the Act of the Legislature of Alabama (Gen. Acts 1931, p. 615), entitled 'An Act to define, regulate and license barbers and barber colleges, and other like businesses in counties of the State of Alabama having a population of three hundred thousand or over, according to the last or any subsequent Federal Census; to create a barbers' Commission for said counties; and to provide a penalty for the violation of the provisions hereof,' is a local law within the meaning of section 110 of the Constitution, and therefore void under section 106, no notice of the intention to apply therefor having been given as required by the latter provision of the Constitution. And whether or not the above referred to Act offends section 45 of the Constitution, in that the subject of the Act is not 'clearly expressed in its title,' for the reason that the title 'would restrict the operation of the Act to certain designated counties, while the "body" of the Act would make it applicable to all counties of the State.'

"We will consider the questions in the order submitted.

"In passing upon the validity of the act in question this court will, of course, indulge all presumptions and intendments in favor of its constitutionality, and will accord to the lawmaking body of the state government sincerity of purpose and fairness in dealing with the people of the state. And we will not assume that the population classification was arbitrarily fixed, but rather that their action, in the given instance, was fairly taken and had for the purpose of meeting conditions, that it honestly thought existed, or might exist, in the larger and more populous counties of the State.

"This court has long committed itself, in line with the holdings of other courts, to the proposition that population classification, made the basis for enactments, would be sustained in cases where there is a substantial difference in population, and the classification is made in good faith, reasonably related to the purpose to be effected and to the difference in population which forms the basis thereof, and not merely arbitrarily. Acts passed as general laws, based upon such population classification, and meeting the above test, are valid in that respect, although at the time of their enactment they can, and do only apply to one county or city in the State. State v. Gullatt, 210 Ala. 452, 98 So. 373; Board of Revenue of Jefferson County et al. v. Huey, 195 Ala. 83, 70 So. 744; State ex rel. Gunter et al. v. Thompson et al., 193 Ala. 561,

69 So. 461; State ex rel. Mims v. Bugg et al., 196 Ala. 460, 71 So. 699.

"There is nothing in the recent case of Henry, as Treas. v. Wilson [224 Ala. 261] 139 So. 259, at present term, which conflicts, in fact, with the above announcement.

"In the Henry Case, supra, it was specifically pointed out that even after a county attains the necessary population, with the exception of Montgomery county, the act under consideration could not of its 'own force and effect' apply thereto without the aid of future legislation. Not so under the act now before the court. Eo instanti, any county in the state upon attaining a population of 300,000 or more, would come under the influence of the act.

"In the case of Town of Longview v. Crawfordsville, 164 Ind. 117, 73 N. E. 78, 80, 68 L. R. A. 622, 3 Ann. Cas. 496, it is said: 'The marks of distinction on which the classification is founded must be such, in the nature of things, as will, in some reasonable degree, at least, account for or justify the restriction.' The wisdom of the law and the necessity for its enactment and the classification adopted were addressed to the law-making body. It may be well said, this body understood and appreciated the necessity of furnishing protection to the people in the matters legislated upon in the act, in the larger and more populous counties of the state, which was not necessary or practicable in the smaller counties.

■ "We cannot, therefore, hold that there was no basis for the population classification resorted to in the present case, nor that this classification was not made in good faith, and was not reasonably related to the purpose to be effected, nor does it appear that the classification was arbitrarily fixed. The act, in our opinion, is a general law, and as such no notice of the intended application for its passage was required.

■ "Is the subject of the act clearly expressed in its title, as is mandatorily required by section 45 of the Constitution?

"The title limits the operation of the act to the counties in the state having a population of 300,000, or over, according to the last or any subsequent federal census.

"It is suggested that the title of the Act is more restricted than its 'body.' In other words, that the enacting clauses apply to all counties of the state, while its title restricts the act, in its effect and field of operation, to counties with population of 300,000, or more. The third section creates a barber's commission in the counties of the state 'affected by the Act,' and it nowhere appears in the body what counties, less than all, are affected. For this reason, inter. alia, it is, or may be, argued that there is not only apparent, but real conflict between the title and the act proper. If there is conflict, it is more apparent than real. While section 45 of the Constitution requires that the subject of the act shall be 'clearly expressed' in its title (except certain bills, the enumeration of which is not presently necessary), it also provides that the act shall be divided-into sections, *for convenience*, according to subject matter. The division into sections is required *only for convenience*, and an act not observing this rule of convenience, but otherwise proper, would not be held invalid for the omission. The bill may properly be read, with the numbers 1, 2, and 3, designating sections 1, 2, and 3, omitted, and this would connect up those sections with the limiting clause 'affected by this Act.' But whether this were the case or not, there is no sounder rule of construction than is the rule requiring that each section, paragraph, and clause of an act shall be construed as standing in pari materia, and must be construed *as a whole* when they relate to the same subject-matter, or have the same general purpose. 36 Cyc. 1147; United Soc. v. Eagle Bank, 7 Conn. 456.

"So construing the several sections of the bill, it appears that the scope of the act, as stated in the enacting clauses thereof, is limited or restricted by the clause 'affected by this Act,' to the limitation and restriction contained in the title.

"Again, while the title of an act cannot contradict the plain and unambiguous terms in the enacting clause, its recitals are available aids to the removal of ambiguity or uncertainty in the enacting clauses. This precise question arose in the case of State ex rel. City of Mobile v. Board of Revenue, etc., 202 Ala. 303, 80 So. 368, 369, where it is said: 'The act has a title, as required by section 45 of the Constitution of 1901, in which it makes plain reference to the "City Hospital of the City of Mobile." Presumably, such an institution existed when the act became a law. The act has a preamble in which unmistakable reference is made to the "said hospital," undoubtedly contemplating the "city hospital of the city of Mobile," to which the title referred. In section 2 of the act the "city hospital" is twice mentioned. The title of an act is a part of the act, made so by the provisions of section 45 of the Constitution. Jones v. Stokes, 179 Ala. 579, 585, 60 So. 280; State v. Bolden [107 La. 116, 31 So. 393], 90 Am. St. Rep. 280, note 284; United States v. Fisher, 2 Cranch, 358, 2 L. Ed. 304; 36 Cyc. pp. 1133–1135. While the title to an act cannot serve to institute a contradiction of plain terms in the enacting clauses of an act, yet the recitals of the title are available aids to the removal of ambiguity or uncertainty in the enacting clauses of an act. Bartlett v. Morris, 9 Port. 266, 270; Blakeney v. Blakeney, 6 Port. 109, 30 Am. Dec. 574; Jones v. Stokes, supra. In cases of doubt in respect to an ambiguous legislative context, the preamble of an act must be resorted to to ascertain the intent and to resolve the doubt. 36 Cyc. pp. 1132, 1133;

Price v. Forrest, 173 U. S. 410, 426, 428, 19 S. Ct. 434, 43 L. Ed. 749.'

"To arrive at the intent of the law the whole act—title and enacting clauses—must be read.

"When the entire act in question is so read and considered, the conclusion is, and must be, reached that the act in question is a general law within the meaning of section 110 of the Constitution, and that the subject of the act is clearly expressed in the title, and in no wise offends against section 45 of the Constitution.

"The foregoing answers each question presented for the determination of this court.

"ANDERSON, C. J., and BROWN and FOSTER, JJ., concur."

All that remains to be said is that the act under which appellant was convicted is constitutional and valid (Code 1923, § 7318), and that the judgment of conviction is affirmed.

Affirmed.