144 So. 121

## GIBSON v. PERDUE.

### 6 Div. 229.

Court of Appeals of Alabama.

June 30, 1932.

Rehearing Denied Nov. 1, 1932.

A. F. Lindbergh and H. A. Entrekin, both of Birmingham, for appellant.

Robert E. Smith, of Birmingham, for appellee.

Brief did not reach the Reporter.

RICE, J.

This appeal is by the defendant in the court below, from a judgment rendered against him in favor of appellee, in a suit brought in the Jefferson county court of common claims, a court created by act of the Legislature of Alabama approved July 20, 1931 (Gen. Acts Ala. 1931, pp. 621–628).

By appropriate pleadings the question, and the sole question, presented for our consideration, is the constitutional validity, vel non, of the act creating said court, or, which amounts to the same thing, the said court.

The attack by appellant upon the constitutionality of the court is focused upon the proposition that, whereas the act creating it was passed under the guise of a general law, it was in fact, as disclosed by its title, and substance, but a local law, applying to only Jefferson county, and hence void because of the obvious failure to comply with section 106 of the Constitution of 1901.

The pertinent portion of the title, etc., of said act is as follows: "An Act to establish an Inferior Court of Record in all counties in this State having a population of 300,000 or more," etc.

Because of the fact that only Jefferson county comes within the classification mentioned, and because of the fact that the only other county in the state even "approaching"

Jefferson in point of population—Mobile— is some 180,000 behind the figure named in the title, etc., of the act, and because of the fact that it is thought to require the efforts of an unnaturally fertile imagination to conceive the county of Mobile's (and more imagination with reference to any other county) coming within the purview of said act any time within the next century or so, appellant's capable counsel argue very forcefully that the act is nothing more nor less than a local law, applying to only Jefferson county.

But we are precluded, as are said counsel. Code 1923, §§ 7322, 7318.

The same question here raised, and on facts in all essential respects similar, was raised in the case of L. L. Wages v. State, ante, p. 84, 141 So. 709.

In that case we were impressed with the argument made as to the constitutional invalidity of the act there in question, which argument is the same as that made in the instant case, although by different counsel, the act there being, as intimated above, subject to the same criticism as to constitutional validity, etc., as the one involved here. So we submitted the question of the validity, etc., vel non, to the Supreme Court for their decision. Code 1923, § 7322, supra.

Their answer—unfavorable to the contention here urged by counsel for appellant— appears, incorporated, in the opinion by this court in the said appeal. L. L. Wages v. State, supra.

It only remains to say that we are of the opinion and hold (Code 1923, § 7318) that the act here involved is not unconstitutional.

And the judgment appealed from is affirmed.

Affirmed.