148 So. 135

## GORDON v. MEDDERS.

### 6 Div. 186.

Supreme Court of Alabama.

May 11, 1933.

Horace C. Wilkinson, of Birmingham, for appellant.

Thos. E. Skinner, of Birmingham, for appellee.

KNIGHT, Justice.

The appellee was arrested for the offense of assault and battery, upon warrant issued by the appellant, a justice of the peace, in and for precinct No. 18, Jefferson county, Ala. This warrant commanded the constable of that precinct to arrest the appellee, and

bring him before the justice at a time and place therein stated.

The appellee, on being arrested under this warrant, moved in the justice court that "the warrant be returned and the cause be transferred" for trial to "the Jefferson County Court of Misdemeanors, being the Inferior Court of said county having jurisdiction of said cause." The justice of the peace refused to return the warrant and transfer the cause to the said inferior court of Jefferson county, holding that he had, as such justice of the peace, jurisdiction to try and finally decide said case, notwithstanding the act of the Legislature of Alabama, passed at the session of 1931, and approved on July 20, 1931, in and by which the jurisdiction to try such cases was attempted to be taken from justices of the peace, and requiring that warrants issued by justices of the peace in misdemeanor cases be made returnable to. the inferior courts of such counties.

■ The appellee thereupon filed his petition, addressed to the judges of the circuit court of Jefferson county, seeking a writ of prohibition, or other appropriate writ, to be issued prohibiting the said justice of the peace "from trying or attempting to try, or finally disposing of, or attempting to finally dispose of the case," and requiring the justice to make the warrant returnable to the Jefferson county court of misdemeanors, in accordance with the act of the Legislature of Alabama, approved July 20, 1931. Acts 1931, p. 613. Upon the filing of this petition, issuance of rule nisi was waived, and the respondent, justice of the peace, appeared, and demurred to the petition. The demurrer takes the point that the act in question is violative of section 96, 168, and 281 and 8 of the Constitution of Alabama, and also that the act is "unconstitutional, null and void in that it is a pro tanto repeal of a constitutional office." It will thus be seen that the constitutionality of the act is attacked upon specific grounds only. There is no general ground of demurrer going to the constitutionality of the act. True, there is in the record an agreement of the parties to the effect that, if the act is unconstitutional, the relief prayed for by the petition should be denied; but that, if the said act is constitutional, the relief prayed for should be awarded. This agreement was filed in court on the same day that the demurrer was filed. Of course, the agreement only related to the order that should be made by the court after reaching his conclusion on the demurrer. It did not, and, in fact, could not, enlarge the scope of the demurrer; to make it include grounds not assigned or hinted at by the demurrer.

The act brought before the court in this proceeding is short, and for the sake of convenience is here set out:

"To further regulate the jurisdiction of Justices of the Peace in Counties having a population of Three Hundred Thousand or more according to the last or any subsequent Federal census:

"Be it Enacted by the Legislature of Alabama: .

"Section 1: That Justices of the Peace in all Counties having a population of Three Hundred Thousand or more according to the last Federal census or any subsequent Federal census, shall not have final jurisdiction to try and dispose of any criminal cases. In cases where warrants are issued by Justices of the Peace in misdemeanors, the same shall be made returnable to the Inferior Courts of such counties having jurisdiction to try such cases, and in cases of felonies such Justices of the Peace shall conduct preliminary investigations and where probable cause is shown shall bind the defendants over to the Circuit Court of such counties to await the action of the Grand Jury.

"Approved July 20, 1931."

The last provision of the act does not in any substantial way alter or change the existing rule or statute with reference to the duties of justices of the peace in felony cases, nor does it in any way further regulate the proceedings in such cases in the courts of justices of the peace.

As we see it, the sole purpose of the Legislature, and the only effect of the act in question, was to require justices of the peace to make all warrants issued by them in misdemeanor· cases returnable to the inferior courts having jurisdiction to try such cases.

■■ While section 168 of the Constitution provides for the election of justices of the peace, and in civil cases prescribes their jurisdiction, it does not confer or prescribe jurisdiction in criminal cases. This is fixed by statute (Code 1923, § 3846 et seq.). ·

Section 168 does provide, however, that the fees of justices of the peace shall be "uniform throughout the state." And section 96 provides that "the legislature shall not enact any law not applicable to all the counties in the state, regulating costs and charges of courts, or fees, commissions or allowances of public officers."

■ However, the act in question does not diminish the fees of the justices of the peace, nor deprive the same of uniformity, but it only withdraws from these officials the right to finally try and determine certain criminal cases. This in no way involved a violation of either section 96 or 168 of the Constitution. These sections are therefore without application. Nor, so far as we are able to see, does the act in question offend other sections of the Constitution presented by the specific grounds of demurrer. Other constitutional grounds of objection are here argued against the bill, but no such objections were raised or hinted at in the demurrer. We will here only treat and consider

**578**

.the grounds of objection set forth in the demurrer. Cooper v. State ex rel. Hawkins ante, p. 288, 147 So. 432.

Pretermitting a consideration of whether or not the act in question violates provisions of the Constitution other than those made the basis of grounds of demurrer, we are fully persuaded it does not violate any of the specifically enumerated provisions of the Constitution presented by the demurrer.

We are therefore of the opinion that the court below committed no error in overruling appellant's demurrer to the petition, as for any grounds assigned.

The judgment of the circuit court is due to be, and is here, affirmed.

Affirmed.

All the Justices concur.