21 So.2d 118

**BARBERS COMMISSION OF MOBILE COUNTY v. HARDEMAN.**

I Div. 486.

Court of Appeals of Alabama.

Feb. 27, 1945.

W. C. Taylor and McCorvey, McLeod, Turner & Rogers, all of Mobile, for appellant.

Wm. G. Caffey, of Mobile, for appellee.

BRICKEN, Presiding Judge.

The law creating a barber's commission in Mobile County, Alabama, defines barbers and regulates and licenses them and barbers commissions in said county. This is a local act found in Local Acts of Alabama 1935, page 180.

Section 2 of that act defines a barber as any one, "who, for a valuable consideration or hire, shaves or trims the beard; gives facial or scalp massages, or treats the same with oils or other preparations, singes, shampoos, cuts or dyes the hair of a human being, or applies hair tonic or other cosmetic preparations, clays, or lotions to the scalp, neck or face, or engages in the teaching of any person or persons in the art of barbering as in this paragraph defined."

A literal construction of this statute makes one who applies hair tonic a barber.

Section 3 of the Act provides that the Governor shall appoint a commission composed of three persons, each of whom must have had at least five years' experience as a barber and who must have been a resident of Mobile County for three years.

In Section 4 of this Act the commission is empowered to issue licenses, "to persons of good moral character, who have an elementary school education, or its equivalent in the judgment of the Commission, and shall be at least 18 years of age, and have practiced as an apprentice for a period of at least one year and pass a satisfactory examination conducted by the Commission."

The Act also provides that if the commission determines that any applicant is not qualified to receive a license, the findings of the commission may be appealed to the circuit court of the county, and any cause so appealed shall be tried de novo in the circuit court.

The appellee applied for a license. He undertook to stand examination. The commission ruled that he failed to pass the examination and denied his application. He appealed to the circuit court and, after a very lengthy hearing in that court, the learned trial judge in a carefully written opinion ruled that the appellee was entitled to a license. From that ruling the barber commission prosecutes an appeal.

There are several assignments of error involving rulings of the trial court on the admission of evidence and other matters that we do not regard as controlling on this appeal.

When an attempt is made to deny a citizen the right to follow the occupation of a barber because he does not have an elementary school education or its equivalent,—in the judgment of a commission,—it is time for the judge who is called upon to pass upon the validity of action of that kind to recall that he has taken an oath to support the Constitution of the United States and the Constitution of the State of Alabama, and that the court has the responsibility of protecting the exercise of civil rights vouchsafed to every citizen in the bill of rights.

We first notice the alleged examination it is claimed that the appellee failed to pass. We note that the examination paper contains 50 questions, many of which, in our opinion, cannot possibly throw any

light on whether a man is qualified to follow the occupation of a barber. We agree with the learned trial court that the applicant is a man of good moral character according to the record in this case. No one questioned his character in the court below. For 25 or 30 years, he has followed the occupation of a barber. During that time, on several occasions for a period of time, he ceased to be a barber and worked for the telephone company as an electrician, but he has had many years of actual experience as a barber. For practically three years preceding the hearing in the court below, he plied his trade as a barber under permit of the Barber's Commission of Mobile, Alabama, and at Brookley and Bates Field, where no license was required. His work was satisfactory in all respects.

In the record is a letter reading as follows:

"Headquarters

"Army Air Base

"Bates Field, Mobile, Alabama

"(Sub-Base of the Army Air Base, Brookley Field, Alabama)
"22 December 1943

"To Whom It may Concern:
"Mr. George Hardeman operated the barber shop at Bates Field, Mobile, Alabama, for several months in an efficient and highly satisfactory manner. The barber shop was operated in compliance with all Military regulations as to sanitation.

"Mr. Hardeman has proven to be a skilled workman in his profession. The work he did here was a definite contribution to the appearance and morale of the Military forces.

"Armand J. Murphy
"Armand J. Murphy
"2nd Lt. Air Corps
"Donald J. Breezger    Joseph T. Barry
"1st Lt. A. C.    2nd Lt. QMC
"Carlos N. Harbour  Sanford C. Grover
"2nd Lt. A. C.    2nd Lt. A. C."

In addition to that, a number of appellee's patrons, and a barber for whom he worked for a considerable period of time, testified that he is duly qualified by experience to follow the occupation of a barber and that he had practiced that trade in a sanitary and satisfactory manner.

The only reason assigned by the Barber's Commission of Mobile for refusing him a license was that he did not meet the educational requirements of the Act. The commission endeavored to ascertain whether he met the educational requirements of the Act by propounding him questions along this line: Q. What is science? Q. What is art? Q. Too many of our practitioners live in the yesteryear. Too many feel they know what? Q. During the year 1745, marked the decline of what? Q. In order that we may know how you take care of our hair and scalp scientifically we should know what? Q. How many varieties of hair are there? Q. What is essential to good health? Q. What is alopecia areta? Q. How many stripes are there (on a barber's pole) and what do they stand for? Q. What is history? Q. How much of the earth is water?

Because appellee did not return answers or satisfactory answers to these and similar questions, he was denied a license by the commission but granted one by the circuit court of Mobile County, Alabama.

A proceeding of this kind must necessarily challenge the interest of a court that feels any responsibility for the protection of civil rights.

In the wake of the professions, numbers of trades and crafts are surging forward to obtain for themselves the benefits of licensing Statutes. The long list of occupations so regulated in Alabama grows rapidly longer. Already included in such regulations are lawyers, public utilities, liquor dealers, auctioneers, barbers, architects, plumbers, building and loan associations, cosmetologists, contractors, physicians, surgeons, dentists, pharmacists, optometrists, nurses, veterinarians, pilots, pawn brokers, accountants, real estate brokers and salesmen, and perhaps others we may have overlooked. Municipalities may license such enterprises as pool and billiard rooms and dance halls. Wisconsin has even set up a commission to examine and license watchmakers. This partial catalogue of occupations ranging from the most important professions to the most obscure trades will suffice to show the extent and diversity of the occupations closed in Alabama to those who are unable to secure official permission.

The barber's trade is in no sense a trade that requires one following that occupation to have an elementary school

education in order to be an efficient and successful barber. We must remember that some of the most efficient and successful barbers we ever knew, and we might say some of the most beloved, were barbers who had no school training whatever. They had a wide experience in the trade and they knew enough to understand and practice the fundamental sanitary rules of the trade. We note that the trial court observed that "barbers practicing at the time the local act became effective, including members of the examining board, were considered qualified rather by experience than by any examination to determine their educational qualifications."

The counsel for appellant complain of that statement as not supported by the record. However that may be, it is of no importance, if it be conceded that it was within the learned Judge's judicial knowledge. The question in issue was the qualification of the applicant not the favor enjoyed by others. If the Judge was advised of the incident he might use it as an illustration in expounding his views regarding the equivalent of an elementary school education. The Act itself very definitely does not require that the applicant should have had any given number of years of school training. It merely requires that he have an elementary school education or its equivalent. We agree with the trial court that: "Education is not necessarily derived from the study of books in school but everything that a man learns by conversation, by reading, by observation or by experience contributes to his education. Education is the process of developing and training the powers and capabilities of human beings."

Education means more than the acquisition of knowledge out of text books, however desirable that may be.

■ The words "or its equivalent" in the statute referring to an elementary school education means nothing more nor less in the case of a barber than he be able to ply his trade with satisfaction to his customers and without danger to the public health. His long, satisfactory experience in that particular occupation may well be the equivalent of an elementary school education, so far as a barber is concerned.

Whether the Legislature could exclude a man from an occupation because he did not possess what a commission regards as the equivalent of an elementary school education would at once raise grave constitutional questions. We would not look with favor upon the State attempting to exclude a man from an ordinary occupation on account of his lack of education when the State had made very little, if any, effort to supply that education, but it is not necessary that we go that far in this case. The learned trial court tells us in a well written opinion that the applicant's manner of testifying on the stand, as well as the evidence offered, amply shows that the applicant has by experience, practice, observation and by the preparation for and the practice of barbering and of other professions and trades, fitted himself for these trades and businesses, and that he has the equivalent of an elementary education and was in every respect fitted and qualified to practice the barber's trade.

■■ We have carefully and attentively read the record in this case. This finding by the trial court is amply supported by the evidence. This being true, appellee was entitled to a license under the local law regulating the barber's trade in Mobile County, Alabama.

The assignments of error dealing with the admission of testimony that are so ably briefed by learned counsel representing the barber's commission need not be considered seriatim. It is sufficient to say that if we were in full accord with all that counsel urge in that connection, it would not change the result in this case. The opinion here prevails that there is no reversible error in the record.

The order and judgment appealed from is, therefore, affirmed.

Affirmed.