42 So.2d 644

**HOWELL et al. v. JOHNSON.**

8 Div. 765.

Court of Appeals of Alabama.

June 14, 1949.

Rehearing Denied July 19, 1949.

Julian Harris and Norman W. Harris, of Decatur, for appellants.

572

Ben L. Britnell, of Decatur, Thos. G. Steele, of Athens, and LeRoy McEntire, Jr., of Decatur, for appellee.

HARWOOD, Judge.

This appeal is from an award of a peremptory writ of mandamus granted petitioner below directing the respondents, who are members of the Board of Revenue and Control of Morgan County to pay petitioner the sum of $435.00 as an accrual of additional salary due petitioner under an act of the legislature approved September 18, 1947. See General Acts of Alabama, 1947, page 310, Code 1940, Tit. 62, §§ 376(8), 376(9).

The members of the Board of Revenue and Control of Morgan County had refused such payments because in their opinion the act in question is unconstitutional, and therefore invalid.

The petition shows that George C. Johnson has been Solicitor of the Eighth Judicial Circuit since January 20, 1947. This judicial circuit is composed of Cullman, Lawrence, Limestone, and Morgan Counties, with a combined population of 159,-013 persons, according to the 1940 federal census; that he has made formal demand on the respondents, comprising the Board of Revenue and Control of Morgan County, for payment of the sum above mentioned as due him under the act approved September 18, 1947, and that said payment has been refused. The act is set out in the petition, and is as follows:

## "AN ACT

"To further define and extend the powers, authority and duties of circuit solicitors of the State of Alabama in judicial circuits having a population of not less than one hundred forty thousand nor more than four hundred thousand, according to the last or any subsequent federal census; to impose extra, new and additional duties upon such solicitors; to provide additional compensation for such solicitors for the performance of the extra, new and additional duties hereby imposed upon them; to make provision for the payment of such additional compensation; to provide the effective date

of this act; and to repeal all laws, general, local and special in conflict with this act.

"Be it Enacted by the Legislature of Alabama:

"Section 1: That in addition to the duties now imposed by law on all circuit solicitors of the State of Alabama in judicial circuits having a population of not less than one hundred forty thousand nor more than four hundred thousand according to the last or any subsequent federal census, such solicitors shall perform the following extra, new and additional duties: (a) They shall carefully read and check the transcript of evidence in all criminal cases appealed from the circuit court of their judicial circuit to the Court of Appeals or the Supreme Court of Alabama, and call to the attention of the trial judge any errors or discrepancies that may appear in said transcript of evidence; (b) they shall, whenever requested by the Attorney General of the State of Alabama, file memorandum briefs in all criminal cases appealed from the circuit court of their judicial circuit to the Court of Appeals or the Supreme Court of Alabama; (c) they shall attend all hearings in their judicial circuit on application for probation and furnish the trial judge, or the judge hearing the application, with all information in their possession concerning the applicant for probation; and (d) they shall represent the Board of Registrars of the county comprising their judicial circuit in all civil suits for damages that are filed against said Board of Registrars arising out of the performance of their official duties, in either the circuit court of their judicial circuit or in the United States District Courts.

"Section 2: That for the performance of the extra, new and additional duties hereby imposed upon such solicitors, they shall be paid additional compensation out of the general fund of the county comprising their judicial circuit in the amount of Twelve Hundred (1200.00) Dollars annually, such additional compensation to be payable in equal monthly installments on warrants drawn by such solicitors.

"Section 3: That this act shall become effective immediately upon its passage and approval by the Governor, or its otherwise becoming a law.

"Section 4: That all laws and parts of laws, general, local and special, in conflict with the provisions of this act are hereby expressly repealed; provided however, that nothing herein shall be construed as repealing in whole or in part the provisions of Title 13, Section 227, Code of Alabama 1940.

"Approved September 18, 1947."

Respondents' demurrer to the petition being overruled, they declined to plead further. Under such circumstances the averments must be accepted as true. J. B. McCrary Co. v. Brunson, Mayor, et al., 204 Ala. 85, 85 So. 396.

Thereafter the court issued a peremptory writ of mandamus ordering the respondents, as members of the Board of Revenue and Control of Morgan County, to immediately draw a proper warrant in the sum of $435.00 against the general fund of Morgan County, as compensation for additional services rendered by petitioner as Solicitor for the Eighth Judicial Circuit of Alabama, from September 18, 1947 to March 1, 1949, and to immediately deliver said warrant to petitioner.

Notice of appeal being given by respondents, supersedeas bond in an appropriate amount was set.

Thereafter respondents perfected their appeal to this court.

In his brief and argument appellants' counsel confines his assertion of invalidity of the Act of September 18, 1947, supra, to two grounds: (1) That same is unconstitutional as violative of Section 106 of the Alabama Constitution of 1901, in that said act is a local law and was passed without the required publication; and that said act is also violative of Section 167 of the Constitution which provides, among other things, that a Solicitor's compensation shall not be increased during the term for which he is elected; and (2) that said act is void for uncertainty in that no method is provided how the additional salary payments shall be prorated between the counties in those judicial circuits composed of more than one county.

In considering the constitutional aspects of the act now in question it must

be remembered that it is the duty of the court not to construe a law as local when it is so framed as to be reasonably susceptible of interpretation as a general law. Reynolds v. Collier, 204 Ala. 38, 85 So. 465.

Furthermore, it seems to be settled by the doctrines of our decisions with reference to the enactment of general laws with limited application that where there is a substantial difference in the ranges of population specified in an act, and such classification is made in good faith, and is reasonably related to the purposes to be effected and to the difference in population which forms the basis thereof, such act is a general law, though at the time it may be applicable to only one subdivision of the State. Dearborn v. Johnson, 234 Ala. 84, 173 So. 864; State v. Gullatt, 210 Ala. 452, 98 So. 373; Walden v. City of Montgomery, 214 Ala. 409, 108 So. 231; Cobbs v. Home Insurance Co., 18 Ala.App. 206, 91 So. 627.

In the present act the judicial circuits embraced in the act are those circuits having or which may hereafter have a population of not less than one hundred and forty thousand, and not more than four hundred thousand persons. The very scope of the population limits thus fixed in itself establishes the substantiality of the classification in this respect. We do not think that it can be reasonably asserted in view of such a wide and sweeping differential of population that it was purely arbitrary and without reason or necessity (compare Reynolds v. Collier, supra; Vaughan v. State ex rel. Dawson, 212 Ala. 258, 102 So. 222); but on the other hand such a broad scope in population range compels the presumption that good faith be accorded this classification made by the legislature, to which body's determination much discretion must be accorded. Dearborn v. Johnson, 234 Ala. 84, 173 So. 864.

We judicially know that there are now four judicial circuits coming within the population classification of this act, namely, the Fourth, composed of Bibb, Dallas, Hale, Perry and Wilcox Counties; the Fifth, composed of Chambers, Lee, Macon, Randolph, and Tallapoosa Counties; the Eighth, composed of Cullman, Lawrence, Limestone, and Morgan Counties, and the Thirteenth, composed of Mobile County.

These four judicial circuits are respectively the largest in population of the judicial circuits of this State, with the exception of the Tenth, comprising Jefferson County. It is to be noted that an act substantially identical with the act now under consideration, except that it provides for additional compensation of $1500.00 per annum, was approved July 21, 1947 applicable to Solicitors in counties having a population of more than four hundred thousand. See General Acts of Alabama 1947, page 59, Code 1940, Tit. 62, §§ 376(2c), 376(2d).

It is common knowledge that in the more populous judicial circuits a circuit judge cannot, by the nature of the situation, possess the personal knowledge concerning those persons, and their backgrounds, who may be convicted in his court, as is possessed by the trial judges in the less populous circuits. This in itself, in our opinion, in light of the additional duties placed on the Solicitors in the circuits affected by this act, compels the conclusion that a reasonable relationship exists between the population classification and the objects sought to be accomplished by the act now being considered.

The present act, together with the Act of July 21, supra, adds additional duties to the Solicitors of the five most populous judicial circuits of this State. In our opinion these new duties are substantial and real, and conducive to a more efficient administration of justice, and the State's legal business, in the circuits affected.

In view of the provisions of this act imposing extra, additional and new duties on the Solicitors in the circuits affected by this act, the additional compensation provided in the act is not offensive to Section 167 of the Alabama Constitution, which provides, among other things, that a Solicitor's compensation shall not be increased during the term for which he is elected. In Tayloe v. Davis, 212 Ala. 282, 102 So. 433, 436, 40 A.L.R. 1052, the following doctrine, applicable to the present case was enunciated:

"(11) It has now been long declared by this court that for new and additional duties an incumbent of a public office may be awarded extra compensation without a violation of sections 118 or 281, forbidding an increase of salary during the term. It may be said a rule of legislative policy has grown up by the sanction of this court's construction of these sections.

"We think there is no need to review the ground of these decisions. We may say that while a public officer takes his office cum onere, and is required to perform the duties from time to time prescribed by law, there is inherent justice in granting compensation for the increased labor and responsibility imposed by new legislation. The just legislator may be rather disposed to create a new office, than to impose unexpected new burdens on an existing officer without compensation. Nor do we think any sound objection obtains to conferring new duties, with compensation, upon the officer who, by reason of knowledge and experience, is best fitted to the new task. Fitness for the new duties growing out of experience in former official labors may furnish the opportunity to get efficient service at minimum expense to the state. * * *"

■ According the presumption of good faith, which we must do, to the acts of the legislature, we find no basis for concluding that the extra, new and additional duties imposed on the Solicitors of the circuits affected by this act are not actual, real, and substantial.

Appellants further contend that the act is void because of uncertainty resulting from the phraseology of Section 2 of the act, and because there is no provision in the act for the division of payments among the counties in those circuits containing more than one county.

Section 2 of the act is as follows:

"That for the performance of the extra, new and additional duties hereby imposed upon such solicitors, they shall be paid additional compensation out of the general fund of the county comprising their judicial circuit in the amount of Twelve Hundred ($1200.00) Dollars annually, such addition-al compensation to be payable in equal monthly installments on warrants drawn by such solicitors."

It is to be noticed that Section 2 provides that the *Solicitors* shall be paid such additional compensation out of the general fund of the county comprising *their* judicial circuits.

Appellants' able counsel argue that the use of the singular *county,* instead of *counties,* makes conjectural the intent of the legislature as to the division of payment by counties in those circuits comprising more than one county.

■ We do not agree with this contention. Section 1, Title 1, of our Code provides that "Words used in this Code * * * the singular includes the plural, and the plural the singular." This guide to construction of words used in the Code is equally applicable to acts. Even without this codified guide to construction, it is a decisional rule of statutory construction that when necessary to give effect to legislative intent, words in the plural will be construed to include the singular, and the singular will be applied as the plural. 59 C.J., Sec. 586.

■ It is further to be noted that the word *Solicitors* is used in Section 2, and indeed throughout the act. If as contended by appellants the use of the singular *county* in Section 2 attests the legislative intent to make the act applicable only to the Thirteenth Circuit (Mobile), which was and is the only circuit within the purview of this act having one county, it is equally arguable that the plural reference to Solicitors, and *their* circuits, attests the general nature of the act. Certainly this latter construction is compatible with the rule that statutes should be construed in harmony with the general ascertainable purpose and intent of the enactment with a view to carrying into effect the whole purpose of the law.

■ In respect to the absence of any specific provision in the act relative to the division of payment of the additional compensation by those counties in the affected circuits containing more than one county, it is our opinion that the omission of such pro-

576

vision does not render the act void for uncertainty.

Where the terms of a statute do not indicate with reasonable certainty their intended application to particular cases, though their general intent and application are clear, they should be given such construction as is conducive to fairness and justice and in harmony with the general spirit and policy of the statute, rather than one offensive thereto, if such construction is reasonably consistent with the language used. State v. Gullatt, supra.

The legislature has clearly provided that the Solicitors of the circuits affected by the act should receive additional compensation for new duties imposed, and that this compensation should be paid out of the general fund of the county (or counties, we interpolate under above mentioned rules of statutory construction) comprising their judicial circuit. It was within the province of the legislature to provide a formula as to the payment to be made by each county. It has not seen fit to prescribe such formula.

General laws must operate equally upon all entities affected. The entities affected by this act are certain judicial circuits, and the act affects each circuit equally. We think it must necessarily be implied that it was the intent of the legislature, in omitting to provide any specific formula otherwise that each county in those circuits composed of more than one county, should pay its pro rata share of the additional compensation from its general fund.

It is to be further noted that the construction given this act by the lower court accords with the administrative construction previously given to it by the Attorney General of Alabama. See Quarterly Report of Attorney General, Vol. 51, page 246.

It is our opinion that the judgment and order of the lower court entered in this cause is correct, and that an order of affirmance is proper. It is so ordered.

Affirmed.

BRICKEN, Presiding Judge, not sitting.