45 So.2d 699

**COUCH v. RODGERS et al.**

**6 Div. 18.**

Supreme Court of Alabama.

April 13, 1950.

W. Marvin Scott, of Cullman, for appellant.

. F. E. St. John, and Julian Bland, of Cullman, for appellees.

534

FOSTER, Justice.

The question on this appeal is whether or not an Act of the Legislature of Alabama, approved September 30, 1947, General Acts 1947, page 343, Code 1940, Tit. 62, § 333(6) et seq., is violative of sections 106 and 110 of the Constitution, for that it is contended that the Act is local and notice of an intention to introduce it was not given as required by section 106, supra.

The Act regulates the business of barbering, whereby a commission is created for the purpose of examining and licensing barbers and whereby it is made an offense to practice the profession without such a license.

The question arose on the bill filed by a barber of many years experience who seeks to have an injunction against the members of the commission restraining them from enforcing such act as against the complainant because the same is unconstitutional. The trial court sustained a demurrer to the bill and complainant appeals.

The only question argued on the appeal is the constitutionality of the Act, so that will be the only question which we will consider.

By its terms the Act has application only in counties which under the last federal census or any subsequent federal census had a population of not less than 46,500 nor more than 48,000. It is admitted in argument on both sides that the only county in the State which by the last federal census came within this population classification of the Act is the county of Cullman, which by such federal census has a population of 47,343.

We find the following to be the status of the statutes of Alabama on the subject of barbers and the conduct of their business, other than the Code sections 60 to 71, Title 22.

An Act of the Legislature of 1931 was passed in substantially the language of the Act now under consideration applicable to counties having a population of 300,000 or more according to the last or any subsequent federal census. It then had application only to Jefferson County. By making it a part of Title 62, Code, sections 253 to 258, it is now a local law in so far as Jefferson County is concerned. Opinion of the Justices, 244 Ala. 384, 13 So.2d 762.

There was a local act passed by the Legislature of 1935, Local Acts 1935, page 180, applicable to Mobile County by express designation, in the same terms as that now under consideration. See, Barbers' Comm. of Mobile County v. Hardeman, 31 Ala. App. 626, 21 So.2d 118. This Act was not carried into Title 62, Code.

There was a local act passed by the Legislature of 1949, Local Acts 1949, page 1036, applicable to Colbert County by express designation, also in the same terms. We do not find any other such laws. But we held that it is not within the general powers of a city to set up such status by ordinance. Lisenba v. Griffin, 242 Ala. 679, 8 So.2d 175.

The Act applicable to Jefferson County was in form general with local application, and we held it valid on attack under section 106, supra. The other two acts, one for Mobile and one for Colbert, both being local acts in which section 106, supra, was complied with, have no application here. When, as here, there was no compliance with section 106, Constitution, the act cannot stand unless it is general as defined in section 110, Constitution.

Cities and towns are classified by Code and constitutional provisions for various purposes. Title 37, sections 5, 35, 138 and 299; Constitution sections 225 and 228. Our cases approve such classifications in applying section 110 of the Constitution to legislative enactments subject to well defined principles.

The principle which is controlling in the determination of this question was stated in the case of Reynolds v. Collier, 204 Ala. 38, 85 So. 465. As there stated, the question as to whether or not the act is local is measured by the formula there set up. This formula has never been questioned or altered, but it is not always easy

to determine whether or not the act is local when it is so considered. Without quoting in full the formula set out in that case, it is sufficient to say that when the classification of cities or counties is based upon a difference in population, in order for it to be a general act when it does not have present application to the entire State, it is necessary that there be a substantial difference in the population upon which the classification is made and that difference in population is reasonably related to the purpose to be effected by the act. So that if the difference in population is not substantial or if such difference in population is not reasonably related to the purpose to be effected, the attempted classification will be treated as arbitrary, and the result would be for the act to be local and not general as defined by section 110 of the Constitution.

We have numerous decisions which give illustration to the principle. We will not undertake to analyze them all, but only such as seem to shed light upon the instant suit. In the case of Wages v. State, 225 Ala. 2, 141 So. 707, 708, this Court was dealing with an act similar to the one here involved. By its terms it had application to counties having a population of three hundred thousand or more according to the last or any subsequent federal census. The Court there undertook to apply the principle which we have stated above. The act was held to be general, although it then applied only to Jefferson County. We quote from that opinion as follows: "The wisdom of the law and the necessity for its enactment and the classification adopted were addressed to the lawmaking body. It may be well said, this body understood and appreciated the necessity of furnishing protection to the people in the matter legislated upon in the act, in the larger and more populous counties of the state, which was not necessary or practicable in the smaller counties."

We have numerous cases which bring out that application of the principle wherein it was observed that counties of large population may reasonably be supposed to be differently served in many respects than counties of smaller population and there is sometimes drawn a distinction between a classification based upon a minimum population and a classification based upon a population with both a minimum and a maximum limit. The case of State ex rel. Shirley v. Lutz, 226 Ala. 497, 147 So. 429, brings out that distinction. That case was dealing with an act regulating the business of plumbing in counties having a population of 100,000 or more according to the last or any subsequent federal census. The Court emphasized the different principles applicable when there is only a minimum but not a maximum number. When there is only a minimum, the Court thought a more liberal application of the principle should be made. In the case of Ex parte Ashton, 231 Ala. 497, 165 So. 773, 104 A.L. R. 54, there was only a minimum upon which the classification was based. The Court in that case did not see fit to analyze the question of whether the classification bore relation to the matter sought to be effected. Whereas in most of the other cases where there is only a minimum basis the Court has analyzed the situation for the purpose of showing that in the larger counties there is reason which the legislature may assume existed for making the change different from the counties of less population and observing that in making a classification there has to be a limit somewhere for its effect, although some counties may nearly reach that limit without doing so. See, Cooper v. State, 226 Ala. 288, 147 So. 432; Dearborn v. Johnson, 234 Ala. 84, 173 So. 864; Howell v. Johnson, 34 Ala.App. 570, 42 So.2d 644, certiorari denied Ala.Sup., 42 So.2d 649.

In the Opinion of the Justices, 249 Ala. 511, 31 So.2d 721, we were responding to a legislative inquiry as to a proposed act applicable to counties of 400,000 population or more according to the last or any subsequent federal census, which would require the payment to such counties of a license tax of one cent on each gallon of gasoline. We thought there was a reasonable relation of the subject matter of the Act to counties of such population because we thought that in large counties the load of traffic on the highways by reason of such population justified the legislature in pro-

viding additional income in order to take care of its effect.

In the case of State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278, we were dealing with an act which provided for one tax officer to issue all licenses for counties having a population of 300,000 or more according to the last or any subsequent federal census. We thought that in such large counties there was a reasonable relation to the population to justify such classification.

In the case of City of Birmingham v. Moore, 248 Ala. 422, 27 So.2d 869, we were considering an act applicable to counties of 300,000 or more inhabitants according to the last or any subsequent federal census, wherein the act provided for the creation of a development agency in such counties for slum clearance and housing projects. We were not able to see wherein there should be a difference with respect to such project in large counties and smaller ones and, therefore, we said the classification was arbitrary and without proper relation to the subject matter.

In the case of State ex rel. Camp v. Herzberg, 224 Ala. 636, 141 So. 553, the Court was dealing with an act which set up a commission form of government in cities having a population of not less than 24,000 nor more than 40,000. The Court held that those limits created a substantial difference of population and that the subject matter of the act was reasonably related to such difference.

In the case of State ex rel. Rountree v. Summer, 248 Ala. 545, 28 So. 565, the Court was considering whether or not an act was local and subject to section 106 of the Constitution when it made provision for an election to be held to determine whether or not there should be a change in the city government from aldermanic form of government to a commission form of government applicable to cities within a population range of 15,000 for a minimum and 17,500 for a maximum. The Court in stating the formula which should be applied held that the act was not local under section 110 of the Constitution for the reasons given in the case of State ex rel. Camp v. Herzberg, supra. So that it will be noted that in the Summer case, supra, the Court was dealing with a classification of cities in respect to a commission form of government. We presume that the legislature was acting in good faith and had reason to believe that there was a basis for such classification of cities in the light of section 35, Title 37, Code.

If there is any reason why a county having a population within the range of a minimum of 46,500 and a maximum of 48,000 should have a special classification for the purpose of setting up a barbers' commission as prescribed in the Act here in question, so as to make it "general" under section 110 of the Constitution, we do not see the basis for it. Vaughan v. State, 212 Ala. 258, 102 So. 222.

We have therefore reached the conclusion that the Act in question is a local act and that it is subject to the terms of section 106 of the Constitution in respect to its publication. That not having been done, it is our duty to declare it unconstitutional.

We think the demurrer to the bill for an injunction predicated upon that ground alone should not have been sustained. The decree of the circuit court in sustaining the demurrer is reversed and one is here rendered overruling it. The respondents are. allowed thirty days from the day when the certificate of reversal reaches the office of the register at Cullman within which. to answer the bill of complaint.

Reversed, rendered and remanded.

All the Justices concur, except GARDNER, C. J., not sitting.