50 So.2d 401

### NELSON v. STATE.
### 6 Div. 106.

Supreme Court of Alabama.

Feb. 8, 1951.

142

Maurice F. Bishop, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for appellee.

FOSTER, Justice.

This is a proceeding in equity for the condemnation of an automobile, claiming that it had been knowingly used for the transportation or storage of lottery papers, as defined in Act No. 532 of the Legislature of Alabama, which became effective as a law without the approval of the governor on September 6, 1949, General Acts 1949, page 842. Section 248, Title 29, Code.

Certain contentions are made by appellant attacking the constitutionality of said Act. One is that it purports to be a general act applicable to counties having a population of over four hundred thousand, but that in essence it is a local act, and that section 106 of the Constitution was not complied with. Another contention is that it is unlawful class legislation because it exempts from its operation religious and charitable institutions and veterans' organizations.

The question raised is whether the Act of 1949, supra, violates the Constitution and is void.

We think the Act purporting to be general is local under section 110 of the Constitution and void, since section 106 of the Constitution was not complied with. The Act was introduced as a general law applicable to the entire State. It was amended in the title and body by inserting a clause that it is to apply only to counties having a population of four hundred thousand or more according to the last or any succeeding federal census. The question is whether with such a provision, the Act is local as defined in section 110 of the Constitution. We have upheld such acts as general when there is a reasonable relation between the subject matter of the act and the population clause in it. In some of the cases we have upheld such a classification because in the larger counties we have been able to see that such a relation had existence. But in others we have withheld approval because we could not see such relation. In our recent case of Couch v. Rodgers, 253 Ala. 533, 45 So.2d 699, we made an analysis of those cases on both sides of the question. We will not again refer to them each separately, but refer to the Couch case where they are collated. We will here mention the case of City of Birmingham v. Moore, 248 Ala. 422, 27 So.2d 869, where we withheld approval of an act fixing three hundred thousand population as the dividing line. We observed that we could not see any difference in respect to housing projects based upon such differences in population. In other cases, where there was such a classification, we could see such relation to the population fixed as the dividing line. Opinion of the Justices, 249 Ala. 511, 31 So.2d 721; State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278.

We think it is clear that the Act of 1949, supra, was intended to supplement section 275, Title 14, Code, which prohibits the operation of a lottery anywhere in the State in recognition of the prohibitions of

section 65 of the Constitution. Of course the legislature should be solicitous to aid in enforcing that statute in all parts of the State and not more so in centers of large population. The same considerations apply to such effort in all parts of the State alike so far as we can see.

 This appeal is from a final decree condemning the automobile to be sold. We think that it was erroneous and that relief should be denied and the bill dismissed. A decree will be so entered.

Reversed and rendered.

BROWN, LIVINGSTON, LAWSON and STAKELY, JJ., concur.