203 So.2d 454

**James M. McDOWELL et al.**

v.

**COLUMBIA PICTURES CORPORATION et al.**

**6 Div. 422.**

Supreme Court of Alabama.

Oct. 26, 1967.

Earl McBee and J. Louis Wilkinson, Birmingham, for appellants.

Robt. McD. Smith, Wm. G. Somerville, Jr., Birmingham, Tench C. Coxe, Milton A. Carlton, Jr., Atlanta, Ga., and Lange, Simpson, Robinson & Somerville, Birmingham, and Troutman, Sams, Schroder & Lockerman, Atlanta, Ga., for appellees.

HARWOOD, Justice.

Columbia Pictures Corporation and several other co-complainants (distributors and exhibitors of motion pictures in Jefferson County, Alabama), filed a declaratory action in the Circuit Court of Jefferson County, Alabama, in Equity, seeking a declaration as to the constitutionality of Act No. 872, Regular Session 1965, as amended by Act No. 96, Special Session 1966. (See Acts of Alabama, Special Session 1966, p. 131.) The respondents are members of the Jefferson County Movie Review Board established under Act No. 872.

Act No. 872, as amended, applicable to any county of this state having a population of 600,000 or more according to the last or any future federal census, provides for a board to review and license the exhibiting of motion pictures prior to their being exhibited to minors under eighteen years of age.

As stated in brief of counsel for appellants:

"Briefly, the act as amended creates the Board to review and classify movies on their suitability for viewing by minors under eighteen (18) years of age. It requires the submission of films for review, but under the act and rules established by the Board a simplified procedure has been established to limit the number of individual films necessary to be submitted. The movie exhibitor may voluntarily classify movies as suitable for adults only. The Board, on the basis of information available, may differ with the classification submitted by the exhibitor and require the film to be presented for review." (Where the exhibitor does not voluntarily classify the film as suitable for adults only.) "This is done in the exhibitor's theatre with the expense of the showing borne by the Board.

"If the Board determines it should be limited to adults only and the exhibitor having been so notified, disagrees, the Board must file an equity suit for a judicial determination of its obscenity vel non as to children within seventy-two (72) hours. Provision for expediting the trial is set forth in Section 8 of the act. The hearing on the merits must be held within one day after issue joined and the

Court must render its final decree within two days of the conclusion of the trial.

"When a film has been determined not suitable for children, the exhibitor may avoid any penal sanction set forth in amended Section 12(b) by simply advertising the film 'For Adults Only' and posting an appropriate sign at the theatre: 'No Person Under 18 Years Of Age Shall Enter These Premises. Violators Are Subject To Prosecution And Fine.'

"The act makes it a misdemeanor punishable by fine not to exceed $25.00 for a minor under eighteen (18) years of age to gain admission to such theatre when the film being shown is classified for adults."

After hearing, the Chancellor was of the opinion that the controversy should be disposed of under Article 4, Section 106 of our Constitution, and "did not take occasion to reach" those questions relative to the validity of the Act in the light of the guarantees of freedom of expression found in Section 4, Article 1, of the Alabama Constitution of 1901, and the First and Fourteenth Amendments of the Constitution of the United States involving due process of law, and equal protection of law. The court observed that these questions having been thoroughly explored, the court found the questions thereby raised "complex and doubtful." One need but read an excellent annotation in 16 L.Ed.2d pps. 1053–1076, entitled "The Supreme Court and the Right of Free Speech" to understand the court's bafflement in trying to understand the varied doctrines set forth in recent United States Supreme Court decisions in this field.

■ But we consider sound the findings and adjudication of the lower court that Act 872 violates Section 106 of the Alabama Constitution, in that said Act is essentially a local act, and not having been advertised as required by Section 106, the Act was unconstitutional.

In his decree, the Chancellor set forth the following in parts pertinent to this review:

"Both the Act and its amendment * * are made to apply only to any County of this State having a population of 600,000 or more people according to the last federal census, and it was enacted by the Legislature without compliance to the requirements for local legislation, upon the theory that it is a general Act with local application.

"Of course the Court judicially notices that only one county in the state, namely, Jefferson, has a sufficient population to make the Act applicable to it.

"The Court feels constrained to agree with the contention made by complainants that the legislation is essentially a local law. It is difficult to distinguish this case in principle from that of Nelson v. State, 255 Ala. 141, 50 So.2d 401, (decided in 1951). It would seem that state laws relating to obscenity and providing restraints against same should be equally applicable throughout the state. The objective of the Statute is a most salutary one, being the conservation of the morals and welfare of children under 18 years of age. Such an objective would be of equal concern throughout all of Alabama, including other populous counties beside Jefferson.

"Certainly, children reside throughout the state, and motion pictures are exhibited throughout the entire state, in the main being identical wherever shown. Indeed, as pointed out by complainants in one of their briefs, the Legislature has specifically found in general legislation that the spread of obscene publications has become a matter of increasingly grave concern to the people of this State. Acts of 1961, p. 1310, Section 2, approved September 8, 1961, Code, Title 14, Section 374 (2) (Pocket Part, 1958 Recompilation).

"There is nothing about the subject matter of the Statute in question which is peculiar to a particular locality. It is

a matter of statewide concern. It is accordingly,

"ORDERED, ADJUDGED, DECLARED AND DECREED by the Court that respondents' demurrer to the bill of complaint be and same hereby is overruled and respondents are relegated to their answer on file, and that a bona fide justiciable controversy exists between the complainants and respondents upon which substantial interests of complainants depend and which should be finally determined, and that the respondents, their agents, Servants and employees and all others acting in concert with them be and they hereby are permanently enjoined and restrained and prohibited from enforcing Act # 872, Regular Session, Alabama Acts 1965, as amended, and it is hereby DECLARED that said Act is unconstitutional and void as applied to complainants."

The respondents perfected this appeal from this decree.

Under Section 106 of our Constitution, in reference to local, special, or private acts, notice of intent to apply therefor (introduce in the legislature) must be published in the county to be affected once a week for four consecutive weeks prior to the introduction of the bill. This section further provides that:

"The courts shall pronounce void every special, private, or local law which the journals do not affirmatively show was passed in accordance with the provisions of this section."

In determining whether an act is "local" and within the influence of Section 106, supra, it has been stated that each case must be dependent on its own particular facts. Parton v. Wood, 243 Ala. 407, 9 So.2d 265; Gray v. Johnson, 235 Ala. 405, 179 So. 221.

In Reynolds v. Collier, 204 Ala. 38, 85 So. 465, guidelines for determining whether an act is general or local are set forth as follows:

"The effect of all of our decisions, in short, has been that where there is a substantial difference in population, and the classification is made in good faith, *reasonably related to the purpose to be effected and to the difference in population which forms the basis thereof,* and not merely arbitrary, it is a general law, although at the time it may be applicable to only one political subdivision of the state; *but that if the classification bears no reasonable relation to the difference in population, upon which it rests, in view of the purposes to be effected by such legislation, and clearly shows it was merely vested arbitrarily, guised as a general law, and, in fact, is a local law, it is then in plain violation of the Constitution and cannot be upheld.*" (Emphasis ours.)

This test was reiterated in Vaughn v. State ex rel. Dawson, 212 Ala. 258, 102 So. 222; Couch v. Rodgers, 253 Ala. 533, 45 So. 2d 699, and other subsequent cases.

In Nelson v. State, 255 Ala. 141, 50 So.2d 401, referred to in the opinion of the Chancellor, the challenged Act provided for the condemnation of automobiles used to transport lottery paraphernalia in counties having a population of 400,000 or more. At the time, the Act was applicable only to Jefferson County under its population classification.

After noting that the Act had been introduced in the legislature as a general law but was amended so as to make it applicable only to counties having a population of 400,000 or more, the court in holding the Act void because it was in effect a local act which had not been advertised, observed:

"We think it is clear that the Act of 1949, supra, was intended to supplement section 275, Title 14, Code, which prohibits the operation of a lottery anywhere in the State in recognition of the prohibitions of section 65 of the Constitution. Of course the legislature should be solicitous to aid in enforcing that stat-

ute in all parts of the State and not more so in centers of large population. The same considerations apply to such effort in all parts of the State alike so far as we can see."

We note that in the 1965 Regular Session of the Legislature, a general bill was introduced to authorize any municipality of this state to create a "movie" review board to review and license moving pictures. This bill (House Bill 714) was assigned to the Judiciary Committee where it apparently remained as it was not further processed. House Journal, 1965, p. 563.

Subsequently the present Act 872 was introduced as House Bill 1129 and was referred to the Committee on Local Legislation, No. 2, (House Journal, 1965, p. 1511). In this bill, which became Act 872, the population classification was included.

We further note that while not so designated, Act 872, in effect, supplements our general law on obscenity, which was first enacted in 1961, and now appears in our Code as Sections 374(1) through 374(16), Title 14, Code of Alabama 1940, Pocket Part.

Section 374(2) sets out:

"The spread of obscene publications, during the past several years, has become a matter of increasingly grave concern to the people of this state. The elimination of this evil and the consequent protection of the citizens and residents of this state against such publications are in the best interest of the morals and general welfare of the people."

This is a clear indication by the legislature that the publication or showing of obscene or pornographic printed or written matter is in the interest of all of the people of this state, and not merely to the people in a county of 600,000 or more population.

In Lindsay v. City of Miami (Fla.), 52 So.2d 111, the Florida Supreme Court considered a statute empowering municipalities within a county of 315,000 population or more to enact ordinances to the effect that "no female person shall mix or dispense any intoxicating liquids from any bar * * * except and unless such female is the licensee." Dade County, Florida, was the only county within the population classification at the time. After observing that in enacting the Act no attempt had been made to comply with the requirement of the Florida Constitution as to notice of intention to apply for the passage of the Act as a local law, the court wrote:

"We shall assume for the purpose of this case that the law was passed from the loftiest of motives for the purpose of guarding the morals of those affected.

"But the higher the plane on which we place these unchallenged intentions, the more puzzled we become over the importance of such safeguards in a county of 315,000 inhabitants but not in one having fewer. In passing, it seems to us that if the morals of the citizens generally and of women particularly are to be protected, that denominator should be common to the smallest hamlet and the most populous county."

In *Nelson*, supra, this court was considering a population classification act pertaining to the condemnation of automobiles used to transport lottery paraphernalia. We think it common knowledge that ordinarily lottery rackets thrive and exist in the more populous areas. The economics of such nefarious endeavor dictate a limited territorial operation. Even so, this court found that the legislature should be solicitous in enforcing the general lottery law in all parts of the state and not more so in centers of large population. "The same considerations apply to such effort in all parts of the State alike so far as we can see."

This same consideration would seem to be even more applicable to the regulation of the showing of motion pictures which, as the lower court found, are exhibited to children throughout the state, "in the main being identical wherever shown."

444

Counsel for appellant in brief have stated that the complainants emphasized two basic constitutional barriers to the validity of Act 872 in the hearing below, both in argument and numerous briefs filed in the lower court. The appellees have reiterated these arguments in their briefs filed in this court. These two points are, (1) that Act 872 is violative of Section 106 of the Alabama Constitution in that it is essentially a local act and was not advertised prior to its introduction as required by Section 106, and (2) that Act 872 violates Amendment 1 of the United States Constitution, and Section 4 of the Alabama Constitution guaranteeing the right of free speech, in that Act 872 imposes an administrative prior restraint on this right, and further that Act 872 violates the due process requirements and equal protection of laws requirements of both the United States and Alabama Constitutions. Counsel for appellant therefore urge that even though we agree with the lower court in its conclusions that Act 872 is violative of Section 106 of the Alabama Constitution that we also decide the issue of whether Act 872 is invalid under the Constitutions of the United States and Alabama as imposing a prior restraint on free speech. This, for the reason that if Act 872 be defective as violative of Section 106, then another act similar to Act 872 could be enacted by a future legislature either as a local act properly advertised, or as a general act, and the guidance of this court would remove the possibility of further attack on such proposed future legislation which "is sure to come if the prior restraint issue is not settled once and for all."

█ Counsel for appellees by cross assignment of error have also assigned as error, and extensively argued in support of such cross assignment, the failure of the Chancellor to pass upon the prior restraint issue, and they also insist that we pass upon this issue.

Should we accord to the request of respective counsel in this regard, we would in effect be giving an advisory opinion as to the validity of a bill only in the stage of contemplation for introduction in some future legislature, the provisions of which could not be known until and if the legislature should enact it.

 With limited exceptions, this is a court of appellate jurisdiction whose duty is to review matters passed upon or decided by a lower court. It is not within our province to decide in advance questions not determined by the court below and reserved for decision by decree. Bean v. Northcutt, 240 Ala. 289, 199 So. 7.

We must therefore decline to comply with counsel's request that we write to issues which the Chancellor specifically refused to pass on in view of his conclusion, with which we are in accord, that Section 106 of our Constitution was decisive of the invalidity of Act 872.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.