BOWEN, Judge.
The defendant was charged by information with the unlawful use in Cullman County of steel leg traps designed for the purpose of capturing wild animals. The circuit judge, sitting without a jury, found the defendant guilty of violating Act No. 264 of the Regular Session of the 1977 Alabama Legislature. The defendant was fined ten dollars and costs.
At trial, the facts were stipulated and the only issue there as here is the constitutionality of Act No. 264. That act provides:
“Section 1. The provisions of this act shall apply to all counties having a population of not less than 50,000 nor more than 52,500 inhabitants according to the 1970 or any subsequent federal decennial census.
“Section 2. It shall be unlawful to sell, offer for sale or to use steel leg-hold traps designed for the purpose of capturing wild animals.
“Section 3. Any one convicted of violating the provisions of this act shall be guilty of a misdemeanor.
“Section 4. The provisions of this act are severable. If any part of the act is de- *1110 dared invalid or unconstitutional, such declaration shall not affect the part which remains.
“Section 5. All laws or parts of laws which conflict with this act are hereby-repealed.
“Section 6. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.
“Approved April 26, 1977.”
Under the 1970 census, Cullman County is the only county to which the provisions of this act are applicable. Alabama Code 1940, Recompiled 1958, Population Tables, Volume 14B.
The Circuit Court found that Act No. 264 was not unconstitutional: “The legislative enactment herein was before Peddycoart v. City of Birmingham, 354 So.2d 808.” However, the mere fact that Act No. 264 became effective before the decision in Ped-dycoart, does not mean that it is constitutionally valid.
“Henceforth when at its enactment legislation is local in its application it will be a local act and subject to all the constitutional qualifications applicable to it. With regard to legislation heretofore enacted, the validity of which is challenged, this Court will apply the rules which it has heretofore applied in similar cases.”
Peddycoart, 354 So.2d at 814.
Although, the constitutionality of Act No. 264 is not governed by the principles of prospective application found in Peddyc-oart, the answer to the issue in this case is summarized in Peddycoart.
“Our cases have held that such a relationship must exist between the statute’s purpose and the population classification established, otherwise the classification will be deemed arbitrary, e. g., Dearborn v. Johnson, 234 Ala. 84, 173 So. 864 (1937). The case of Couch v. Rodgers, 253 Ala. 533, 45 So.2d 699 (1950) reviews many of our decisions on this point, in some of which we reasoned that the circumstance of size did bear a reasonable relationship to the purpose of the legislation. But we are unable to ascertain in this case such a relation. The purpose of Section 660 is to provide governmental immunity, but that immunity is to be granted only to the largest city in the largest county in the state. If there is any reasonable relationship between the grant of immunity and the size of its population as denoted by its corporate boundaries, we are unable to perceive it. ‘Judicial ingenuity would exhaust itself in an effort to find any rational basis for the classification it presents.’ City of Birmingham v. Moore, 248 Ala. 422, 425, 27 So.2d 869, 872 (1946).”
Peddycoart, 354 So.3d at 810.
If there is any reason why a county having a population within the range of a minimum of 50,000 and a maximum of 52,-500 should have a special classification for the purpose of prohibiting the sale or use of steel leg-hold traps designed for capturing wild animals as prescribed in the Act here in question, so as to make it “general” under section 110 of the Constitution of Alabama of 1901, we do not see the basis for it. Couch v. Rodgers, 253 Ala. 533, 536, 45 So.2d 699 (1950). That there is no reasonable relation between the population classification and the purpose of Act No. 264 is as much as admitted by the State which declined to file a brief in this cause “(i)n view of the population classification as defined in Act No. 264 .... ”
Furthermore, section 104 of the Alabama Constitution of 1901 provides that “the legislature shall not pass a special, private, or local law in any of the following cases: * * (14) Fixing the punishment of crime.” In State v. Rogers, 281 Ala. 27, 198 So.2d 610 (1967), a local law making it a misdemeanor to fish with nets in Limestone County was held to be a violation of this section and therefore unconstitutional. We find that Act No. 264 is also unconstitutional under the principles of Rodgers.
For these reasons the judgment of the Circuit Court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.